Filing # 165214279 E-Filed 01/23/2023 10:22:32 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>JCAM INVESTMENTS LLC</u>
Plaintiff

vs.
<u>Great Lakes Insurance SE</u>
Defendant

Case # _____
Judge _____

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**Composite Exhibit B**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☒ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION: [  ]**
(Specify)

  1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Brittany Lauren Quintana     Fla. Bar # 98746
        Attorney or party           (Bar # if attorney)

Brittany Lauren Quintana         01/23/2023
 (type or print name)         Date

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

      Plaintiff, J'CAM INVESTMENTS LLC ("Plaintiff"), pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby propound the following Interrogatories to Defendant, GREAT LAKES INSURANCE SE ("Defendant"), to be answered in writing, *under oath* within forty-five (45) days from the date of service.

**Dated:**  January 23, 2023.

                                                  **QUINTANA LAW, PA**
                                                  *Attorneys for Plaintiff*
                                                  237 S. Dixie Highway
                                                  Floor 4, Suite #426
                                                  Coral Gables, Florida 33133
                                                  Tel. (305) 376-0821
                                                  Primary Email: bquintana@quintanalawpa.com
                                                  Secondary Email: paralegal@quintanalawpa.com

                                      By:    */s/ Brittany Quintana Marti*
                                                    Brittany Quintana Marti, Esq.
                                                    Fla. Bar No. 98746

## <u>INSTRUCTIONS</u>

The following instructions apply to these Interrogatories:

1.      Pursuant to Florida Rules of Civil Procedure, these interrogatories are continuing so as to require the filing of subsequent answers promptly in the event that defendant, by or through any of their agents, counsels or other representatives, learn additional facts relevant to any answers not set forth in their answers to these Interrogatories or discover that any information given in an answer or answers is erroneous.

2.      Each interrogatory is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete does not excuse failure to answer each interrogatory as fully as possible. The omission of any name, fact, or other item of information from an answer shall be deemed a representation that such name, fact, or other item is not known to defendant, his agents, counsel, or other representatives at the time the answers to these Interrogatories are served upon Plaintiff.

3.      For each and every answer to these Interrogatories:

   a.   Identify each and every person who participated in supplying information and/or drafting your response or any part thereof,

   b.   If the answer to any of these interrogatories was made by referring to or reviewing any documents, identify each and every document referred to or reviewed and the Interrogatory or Interrogatories in connection with which they were used.

4.      As used in these Interrogatories the singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine, or neuter shall include each of the other genders as necessary to make the Interrogatory inclusive rather than exclusive.

5.      Where an Interrogatory contains a general question or questions, followed by a specific question or questions, the specific question or questions are to be read and interpreted as requesting additional information, not as limiting the general question or questions.

6.      With respect to each Interrogatory, identify each and every document prepared by, or in the possession, custody, or control of you or any of your officers, agents, or employees that relates to or refers to the subject matter of the Interrogatory in question.

7.      Whenever information is required in one of the following Interrogatories or subparts thereof that you previously furnished in answer to another Interrogatory herein, such

information need not be restated. It will be sufficient for you to identify the previous answer containing the information requested.

8.      Whenever an Interrogatory calls for information that is not available to you in the form requested but which is available in another form or can be obtained at least in part from other data in your possession, so state and either (i) supply the information requested in the form in which it is available or (ii) supply the data from which the information requested can be obtained.

9.      If you claim a privilege with respect to information pertaining to any document that you are asked to identify or describe in these Interrogatories, furnish a list signed by counsel giving the following information with respect to each such document:

    a.   The title of the documents.
    b.   The nature of the documents, e.g. interoffice memorandum, correspondence, report etc.
    c.   The identity of the sender and the identity of the recipient(s) of the document,
    d.   A statement of the basis from which the privilege is claimed and a summary of the subject matter of the document in sufficient detail to permit the Court to rule on the propriety of the claim of privilege, and
    e.   The paragraph number of the Interrogatory to which the document is responsive or otherwise pertains;

10.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

    a.   Set forth all such  information that is available to you without undertaking what you contend to be an unreasonable burden;
    b.   State with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonable burdensome; and
    c.   Describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person;

11.     Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, identify it as such together with the source of information upon which you base the estimate.

12.     In answering these Interrogatories every source of information to which you have access should be consulted, regardless of whether the source is within your immediate possession or control. All documents or other information in the possession of experts or consultants should be consulted.

13.     You may, in lieu of identifying any Document or written documentation, attach a true correct copy of each Document as an exhibit to the answers to these interrogatories. On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

14.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

15.     If any of the information furnished in an answer to all or part of any interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

16.     If an answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but, in no event less than five days prior to trial.

## DEFINITION OF TERMS

A.     Reference in these Interrogatories to "You" and "your" is intended to include the Defendant, GREAT LAKES INSURANCE SE, all corporations, firms, and other entities owned or controlled by the defendant, together with its officers, directors, agents, employers and attorneys, and other representatives of such entities acting and purporting to act on its behalf now, or any time in the past.

B.     As used herein, "Complaint" shall mean: the Complaint filed by the Plaintiff(s)/Insured(s) in this action.

C.     As used herein, "Claim" shall mean: any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demand that they have suffered damages, or have a right to payment, as the result of any act or omission of Defendant.

4

**QUINTANA LAW, PA**

D.      As used herein, "person" or "persons" shall mean: any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

E.      As used herein, "communications" shall mean: any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

F.      As used herein, "document" shall mean: any kind of written, typed, recorded or graphic matter, however produced of reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, or interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

G.      The term "all documents" shall mean: every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

H.      As used herein, the terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The terms "all" shall mean "any and all." The term "each" shall mean "each and every" and the term "every" shall mean "each and every."

I.      As used herein, "refer" or "relating to" or "relevant to" shall mean: setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, concerning, involving, comprising, reflecting to, consisting of, or having logical or factual connection whatever with the subject matter in question.

J.      As used herein, "locate" or "location" shall mean: to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

K.      As used herein, "date" shall mean: the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship in time to other events).

L.      As used herein, "Identify", when used in reference to:

(1) An <u>individual</u>, shall mean to state his full name, present or last known address (designating which) and present or last known employment, position or business affiliation (designating which) including job title and employment address; or such other information sufficient to enable Plaintiff to identify the person;

(2) A firm, corporation, pro-proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known address(designating which) the legal form of such entity or organization and the residence address, job title, and business address for the chief executive officer.

(3) A document shall mean to state the title (if any), date, author, sender, recipient, type of document (i.e. letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, a summary of its contents and its present location and custodian;

(4) An oral transaction or oral communication shall mean to state the date and place thereof, the author and the recipient of the communication, and a sufficient summary of the contents of the communication to indicate the nature and substance.

M.      "Identify," when used in any other context that is herein above set forth, shall mean to describe the act, word, situation, event, etc. (and/or conduct, course of action of nay nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc.,

was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.      Identify each person who prepared answers, supplied and/or provided information used to prepare your answers to these Interrogatories, stating each person's current business address and telephone number.

2.      Identify all persons, including his/her current address and telephone number, with knowledge of any facts regarding the issues raised in the pleadings and regarding your determination of coverage and payment of Plaintiff(s) claim for benefits under the policy of insurance covering the insured property, describing the substance of each such persons' knowledge.

3.      Identify all communications you had with Plaintiff(s) or any agent(s) acting on Plaintiff(s) behalf regarding the loss at issue in the complaint, describing in detail the substance of the communication, whether it was in writing (including via email) or oral, the date of the communication, the names of all persons present during the communication, and stating the current address and telephone number of all persons referenced in your response to this interrogatory.

4.      Identify all inspections, reviews and/or investigations that you conducted of the insured property for the past five years through the date of Defendant's Answers to Interrogatories, and for each and every such inspection, review and/or investigation, describe the date, the reason for the inspection, review/investigation, the name of the person(s) present on your behalf and on behalf of the Plaintiff(s), whether a report or other document was generated as a result, whether photographs or video were taken at the inspection/review/investigation or obtained, and stating the current location of each and every document, photograph or other material that is responsive to this interrogatory request.

5.      Please state the date that the coverage decision was made in connection with Plaintiff(s) claim and well as the names, addresses and telephone numbers of all individuals who participated in making an/or conveying the coverage determination to the Plaintiff(s) and/or Plaintiff(s) agent(s).

6.      Identify all persons who are or have been responsible for determining and/or analyzing on your behalf how the policy of insurance that you issued for the insured property applies to the claim for coverage at issue in this lawsuit.

**QUINTANA LAW, PA**

7.      Identify any and all estimates for damages for the insured property that you prepared or that was prepared on your behalf from the date of loss through the date of your response to this interrogatory request, specifying the name of all persons who prepared the estimate, the date it was prepared, the year of pricing used and the source of pricing, the reason that the estimate was prepared, whether any monies were paid by you pursuant to any such estimate, and the names of all persons with knowledge of any such estimate.

8.      Identify each written estimate for repair or replacement, including the amount set forth in each estimate and the names and addresses of the persons or entities who prepared each estimate, relied upon by the Defendant in support of the coverage determination made by the Defendant for the Claim set forth in Plaintiff(s) Complaint.

9.      Describe each and every investigative/evaluation step conducted by you or any of your representative with respect to the facts surrounding the circumstances of the subject loss, and list the names of the individuals performing those steps, the dates of the investigative/evaluation actions, and the results of the same.

10.     Please list all documents or tangible items that support each of Defendant's Defenses and/or Affirmative Defenses.

11.     For any and all policy defenses which  you believe are applicable to the claim made by the Plaintiff(s) herein, please describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each person believed or known by you, your agents or attorneys, to have knowledge of the facts which would provide the basis for any such defense.

12.     Identify each item of expense or damage presented to Defendant that you assert should not be included in the payable damages, explaining in detail and with specificity for each and every item, why such damage or expense should not be included in payable damages.

       13.     Identify all insurance claims made to Defendant by the Plaintiff(s) in connection with the subject Property identified in the Complaint for the past six (6) years through the date of your Answer to these Interrogatories.

       14.     Identify all statements (oral, written and/or recorded) taken by or on behalf of the Defendant in connection with the Claim described in Plaintiff(s) Complaint, including the date of the statement, the name of the individual who gave the recorded statement, the name, address and telephone number of the individual who took the recorded statement, and the current location of the recorded statement.

Dated: _____.

By: _____

GREAT LAKES INSURANCE SE

Print Name: _____

Title or Rank: _____

STATE OF _____                                  )

                                                     ) ss:

COUNTY OF_____ _____                                  )

       Before me the undersigned personally appeared _____ who, being first fully sworn, and who is personally known to me or produced _____ as identification, who did/did not take an oath, deposes and says that the foregoing statements contained herein are true to the best of his knowledge and belief.

Dated: _____.

_____

NOTARY PUBLIC

_____

PRINT NAME

_____

My commission expires:

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, J'CAM INVESTMENTS LLC ("Plaintiff"), pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, request that Defendant GREAT LAKES INSURANCE SE ("Defendant"), produce for inspection and/or copying within 45 days the items set forth herein, at the offices of Quintana Law, PA, 237 S. Dixie Highway, Floor 4, Suite #426, Coral Gables, Florida 33133.

*In addition to the definition of "documents" that is attached hereto, Defendant is requested to produce all files in the condition in which they are regularly maintained. If the files and their contents are reproduced, defendant is requested to provide a reproduction in the same format as that in which the files are actually maintained, including file jackets, labels, dividers, and all other properties necessary to simulate the actual file.*

## DEFINITIONS

A. Plaintiff(s)" or "Insureds(s)" means J'CAM INVESTMENTS LLC individually and any agent(s), employee(s), representative(s), attorneys and/or anyone else acting on behalf of J'CAM INVESTMENTS LLC.

B. "Defendant" and/or "you" and "your" means GREAT LAKES INSURANCE SE individually or any representatives, employees, officers, directors, agents or attorneys or other persons acting or purporting to act on behalf of GREAT LAKES INSURANCE SE.

C. The "Complaint" means the Complaint filed by the Insured(s) in this action.

D. The term "representative" as used herein with regard to a person or entity means and includes any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, each and every present and former director, officer, partner, employee, agent, independent consultant or expert or other person (including attorneys), such as friends, relatives and spouse, acting or purporting to act on behalf of the person or entity.

E. "Person" and "persons" shall refer to a natural person, an individual, firm, association, partnership, joint venture, corporation, trust and estate, or other form of legal or business entity, public or private.

F. "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

G.  Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

H.  Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

I.  Locations on which electronic data may be found include, but are not limited to:
    a)  Individual computers;
    b)  Laptops;
    c)  Data bases;
    d)  E-mails;
    e)  Servers;
    f)  Home computers;
    g)  Archives;
    h)  Networks;
    i)  Computer systems, including legacy systems;
    j)  Backup tapes; and
    k)  Internet data.

J.  "Documents," "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

K.  The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

L.  The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

M  The term "referring (to)" or "relating (to)" shall mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting, showing, disclosing, averring to, comprising, evidencing, or otherwise concerning.

N.      As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

O.      "Any" shall include the word "all" and the word "all" shall include the word "any."

P.      The "Insured Property" shall refer to the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135.

Q.      The term "communication" shall refer to any transmission of information by any means, including without limitation, by spoken language, electronic transmission of data or any other means.  The term "communications" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

R.      All other words have their plain and ordinary meaning.

## **INSTRUCTIONS**

1.      The party serving this request will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive.  All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter.  In either case, the party serving this request hereby demands an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

2.      This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3.      If any documents are withheld on a claim of privilege, provide a written response setting forth the following information:

        (a)  identify the privilege claimed;
        (b)  state the date the document was prepared;
        (c)  state the author and recipient(s) of the document; and
        (d)  state the general subject matter of the document.

4.      If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5.      All Objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to Plaintiff's counsel within the time provided in the applicable Florida Rules of Civil Procedure, or at such other time as is agreed upon by the parties or ordered by this Court.

6.      You are hereby put on notice not to destroy, conceal or alter any paper or electronic files, other data generated by and/or stored on computer systems and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronic data, such as voicemail. This includes, but is not limited to: email and other electronic communications; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. The laws and rules prohibiting destruction of evidence apply to electronically-stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, you must take every reasonable step to preserve this information until the final resolution of this matter, including the preservation of such information from hard drives if computers are sold during the course of the litigation. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

7.      In the event that any document called for this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author, recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

8.      Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

9.      Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to defendant, if any.

10.     If you contend that it would be unreasonable burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

            (a) Furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;

(b) State with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

(c) Describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

11.     Unless otherwise indicated, all requests include the time period from the date of the Loss to the date you received this request.

12.     When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

13.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

14.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or form some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      A true and correct copy of all the applicable insurance policy issued to the Plaintiff(s), by Defendant, including any and all endorsements in effect on the date of the loss.

2.      All documents regarding the first notice of loss report, report from agent of the loss, or correspondence from Plaintiff(s), named insured(s) or attorneys.

3.      All telephone messages to or from you, or any of your agents on your behalf regarding receipt of notice of claims.

4.      All interoffice memoranda and claim notes regarding receipt of notice of claims and telephone conversations with anyone about the receipt of notice of claims.

5.      All correspondence to or from anyone, including any insurance agencies, any employers, any agencies hired as adjusters to investigate the claims herein.

6.      Any and all claim forms, including proof of loss forms, notice of loss reports, authorization forms and any other claim forms contained in said file.

7.      Any and all documents containing any information on what was said by the plaintiff(s), or plaintiff(s)' agent(s) at any time during the handling and processing of the subject claim including adjuster notes, claim reports, interoffice memorandum, tape recordings of any statements made by plaintiff(s), or plaintiff(s)' agent(s), Examination Under Oath transcripts, and any transcripts or written statements from the plaintiff(s), or plaintiff(s)' agent(s).

8.      Each and every timesheet, log and all other documents reflecting time spent by defendant, at the Plaintiff(s) property.

9.      Each and every document, evidencing the name, address, and the position/relationship with defendant, of every individual who has visited or plans to visit the Plaintiff(s) property on behalf of defendant.

10.     Copies of any photographs and inspection reports of the insured property before the date of loss.

11.     Copies of any photographs and inspection reports of the insured property after the date of loss.

12.     Any and all photographs and inspection reports, appraisal reports, roof and plumbing reports of the insured property received by the insurance carrier before and after the date of loss.

13.     Any and all invoices and bills reflecting payments made by the Plaintiff(s) with regard to premiums paid under the subject policy of insurance herein.

14.     Any and all correspondence or written communications from the defendant to the Plaintiff(s) which in any manner pertains to the Plaintiff(s) loss as described in the Complaint.

15.     Any and all correspondence or written communications from the Plaintiff(s) to the defendant, which in any manner pertains to the plaintiff(s) loss as described in the Complaint.

16.     All communications between plaintiff(s) and Defendant regarding any and all matters, including without limitation, any claims made by Plaintiff(s) to Defendant under any policies of insurance issued for the insured property.

17.     Any and all documents of whatever nature and kind submitted by the Plaintiff and/or Plaintiff(s) agent(s), employee(s), attorneys, etc., to the Defendant, its agents, and/or employees in regard to the subject loss.

18.     Any and all written communication between Defendant and any third party concerning the processing, acceptance, or denial of any portion of Plaintiff(s) claim.

19.     All correspondence, forms, notations, memoranda or other information wherein you transmitted any information about Plaintiff(s) to any third party not an employee of defendant.

20.     Any and all materials, papers, documents, photographs or tangible things of any type relied upon by Defendant, other than the insurance policy, as a basis for exclusion of any portions of Plaintiff(s) claims for damages for the loss described in the Complaint.

21.     All inspection reports or other documents that evidence the cause of the damages at issue in the subject claim as determined by you or your representative(s).

22.     All photographs or videos taken by you or your representative(s) in connection with the initial issuance or renewal of the subject policy.

23.     All correspondence to and from any adjusters, public adjusters, contractor or appraiser that reviewed any damage which is the subject of the action herein including any

printouts or explanations or supporting documentation for any reductions suggested by the adjuster, public adjuster, contractor or appraiser.

24.     Any and all photographs and/or video tapes within the possession, custody and control of the defendant, their agents or employees, concerning the subject matter of this litigation. As grounds for this paragraph, the Plaintiff(s) would state that they cannot without undue hardship, obtain a substantial equivalent of these photographs.

25.     The application for insurance and all documents submitted to your company by the insured(s) or their agent prior to issuance of the insurance contract.

26.     A complete copy of the underwriting file, cover to cover, including jackets, electronic notes/memoranda, and diaries, regarding the issuance of insurance to Plaintiff(s) property.

27.     Any and all estimates of damages to real property, personal property, expenses for removal for any coverage available for Plaintiff(s) loss subject matter of this litigation.

28.     Any and all estimates of damages to real property, personal property, or expenses generated by or on behalf of the Defendant in connection with the claim described in the Complaint.

29.     Any material or property that you or your representatives removed from the insured residence or business.

30.     Copies of any and all documents that show payments made to Plaintiff(s), if any, on this claim, including but not limited to a copy of each check issued to Plaintiff for payment of any portion of Plaintiff(s) claim.

31.     All appraisals of loss or value of loss prepared by, for, or on behalf of Defendant regarding the subject loss of Plaintiff(s).

32.     Copies of any diagrams, models, drawings, sketches, blueprints or any other reproduction of the subject risk made before or after the subject loss.

33.     Copies of any and all Proof of Loss forms submitted by Plaintiff(s), their agent(s) to defendant, with copies of all supporting documentation.

34.     A copy of Defendant's file regarding the insured property.

35.     All investigative reports concerning Plaintiff(s) claim, which is subject of this litigation, and all written communications between defendant and any third party concerning said report(s).

36.     Any document showing or explaining what items defendant made payment upon, the amount of damage, and how the amount was determined.

37.     Any and all writings, memorandums, notes or other material reflecting examination by the defendant of any of the damage to the insured premises not covered above.

38.     Any and all statements, whether written, oral or recorded, in whatever fashion, taken of the Plaintiff(s) and/or their agents, servants, employees, etc., in regard to the subject matter of this litigation.

39.     Any and all statements, whether written, oral or recorded in whatever fashion, taken of all independent witnesses or other persons by the defendant with regard to the subject matter of this lawsuit.

40.     A list and/or documents showing the names, addresses and telephone numbers of any and all witnesses whose statements have been taken, indicating their full legal name, addresses and telephone number in regard to the subject matter of this litigation.

41.     All report(s), including adjuster(s) report(s), examiner(s) report (s) and expert report(s), including without limitation, diagrams, photographs, notes, memoranda, field notes,

samples, contracts, video tapes, correspondence, calculations, rough drafts, partial drafts, and laboratory reports related in any way to the facts of the claims in the Complaint or to the litigation.

42. Any and all documentation or other tangible evidence which you contend supports your claim that all conditions precedent to bringing this action have not been met.

43. All correspondence to the insured or their representative informing them of the right to participate in mediation pursuant to Section 627.7015 Fla Stat., and all documents explaining mediation to insured.

44. All documents, including photographs, that Defendant reviewed, relied on, identified or referred to in answering Plaintiff(s) First Set of Interrogatories.

45. All documents, including photographs, that defendant relied upon as basis for payment of the claim that the subject of this lawsuit.

46. All written or computerized records of any investigation or adjustment activities from the date of the loss, through the date of this lawsuit or the date litigation was first reasonably anticipated or conducted in connection with the claim at issue in this action.

47. All written or computerized communications and written or computerized records of oral communications, whether in person or by phone, to or from any employee or agent of defendant that concern, refer or relate in any way to the decision to pay and the amount paid in connection with the Plaintiff(s) claim.

48. Any and all documents, notes, records, test results and related materials relied upon by you in reaching your conclusion to withhold payment on the Plaintiff(s) claim.

49.     All documents which indicate or support the date when Defendant contends it first reasonably anticipated litigation with Plaintiff(s) and all reasons it reasonably anticipated litigation at that time.

50.     For each and every affirmative defense, all documents, communications, which you relied on in each and every affirmative defense and/or any and every document, electronic documents, photographs, and/or communications which support each of Defendant's affirmative defenses.

51.     All communications, correspondence and/or documents produced to or by any other insurance company to Defendant regarding the subject loss described in the Complaint.

52.     Defendant's privilege log, pursuant to Florida Rule of Civil Procedure 1.280(b)(5), which identifies with particularity any and all documents withheld in response to the preceding paragraphs and in response to Plaintiff(s) First Set of Interrogatories as privileged, confidential or otherwise protected from discovery.

**Dated:**  January 23, 2023.

**QUINTANA LAW, PA**
*Attorneys for Plaintiff*
237 S. Dixie Highway
Floor 4, Suite #426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By:     */s/ Brittany Quintana Marti*
        Brittany Quintana Marti, Esq.
        Fla. Bar No. 98746

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

<u>**PLAINTIFF'S NOTICE OF REQUESTING DEPOSITIONS**</u>

Plaintiff, J'CAM INVESTMENTS LLC ("Plaintiff"), by and through undersigned

counsel and pursuant to Florida Rule of Civil Procedure 1.310, hereby gives notice in

writing of requesting Defendant, GREAT LAKES INSURANCE SE ("Defendant"), to make

available and provide dates, and all names, so that Plaintiff may take the testimony by

deposition upon oral examination of the following (additional witnesses and/or areas of

inquiry may be noticed and disclosed as discovery progresses in this matter):

1.     Defendant's Fla. R. Civ. P. 1.310(b)(6) witness(es), including Defendant's

corporate representative. *See Addendum "A" attached.*

2.     Field Adjuster(s), or independent adjuster(s) who inspected the insured

property at issue in this case and/or generated an estimate in connection with the Plaintiff(s)

damages.

3.     Any Expert assigned to investigate the underlying insurance claim on behalf

of Defendant.

4.      Any desk adjuster or claim representative who made coverage decisions and/or who corresponded with Plaintiff regarding the claim described in the Complaint, including but not limited to Patrick Stein.

5.      Any claim manager assigned to the underlying insurance claim.

Plaintiff(s) seeks to take the depositions of the above individuals. The attendance of any and all witnesses requested herein may be compelled by subpoena as provided in Fla. R. Civ. P. 1.410.

Pursuant to Florida Rule of Civil Procedure 1.310(b)(6), Defendant has a duty to educate and prepare its corporate representative to testify as to all information that is "known or reasonably available" to Defendant regarding or related to the areas of inquiry listed in the attached "Addendum A."

**[Addendum " A"  on Next Page]**

2
**QUINTANA LAW, PA**

## ADDENDUM ' A'
## MATTERS UPON WHICH EXAMINATION WILL BE CONDUCTED

1.      All communications, in any form, by and between Plaintiff(s) and Defendant, including its respective employees, agents, and representatives. This request includes correspondence, e- mails, letters, memoranda, notes, telephone messages, recorded conversations, statements, and any other documents or materials that are, or reflect, communications by and between Plaintiff(s) and Defendant.

2.      All communications, in any form, by and between any third parties and Defendant, including its respective employees, agents, and representatives, related in any way to the subject loss. This request includes correspondence, e-mails, letters, memoranda, notes, telephone messages, recorded conversations, statements, and any other documents or materials that are, or reflect, communications by and between Defendant and any third parties.

3.      All actions taken by Defendant, including its respective employees, agents, and representatives, to investigate or otherwise handle the subject loss, emergency services and/or repairs to the subject property that is the subject matter of the Complaint.

4.      All inspections or examinations of the subject property conducted by Defendant, including its respective employees, agents, independent contractors, and representatives, with regard to the subject loss that is the subject matter of the Complaint.

5.      All reports generated by Defendant or its agents and/or experts relating to the subject Claim.

6.      All payments, formal or informal, that Defendant, including its respective employees, agents, and representatives, has made or offered to Plaintiff(s) or any third party with regard to the subject loss that is the subject matter of the Complaint.

QUINTANA LAW, PA

7.     All actions taken by Defendant, including its respective employees, agents, and representatives, to determine the cause of loss at the subject property described in the Complaint, to determine coverage under the insurance policy at issue in this action, and to determine the amount of damages caused by the loss described in the Complaint.

8.     Defendant's Affirmative Defenses and applicable policy language supporting Defendant's underpayment andf/or denial of Plaintiff's Claim.

**Dated:**  January 23, 2023.                         **QUINTANA LAW, PA**
*Attorneys for Plaintiff*
237 S. Dixie Highway
Floor 4, Suite #426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com


By:     */s/ Brittany Quintana Marti*
Brittany Quintana Marti, Esq.
Fla. Bar No. 98746

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

## COMPLAINT

Plaintiff, J'CAM INVESTMENTS LLC, ("Plaintiff"), sues Defendant, GREAT LAKES INSURANCE SE ("Defendant"), and says:

### The Parties, Jurisdiction And Venue

1.    This is an action for damages that exceeds fifty thousand dollars ($50,000.00), exclusive of interest, costs and attorney's fees.

2.    Plaintiff, J'CAM INVESTMENTS LLC, is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Miami-Dade County, Florida.

3.    The Defendant, GREAT LAKES INSURANCE SE, is a corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Miami-Dade County, Florida.

4.      Venue is proper in Miami-Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.

5.      Venue is also proper in Miami Dade County because the subject Property is located in Miami-Dade County, Florida.

*6.*      All conditions precedent to the filing of this lawsuit have occurred, been performed or waived and/or have been excused, including but not limited to the submission of the Notice of Intent to Litigate per Florida law.

## **General Allegations**

7.      At all times material hereto, in consideration of a premium paid by the Plaintiff, there was an insurance policy in full force and effect issued by the Defendant to the Plaintiff.

8.      Plaintiff is not in possession of a complete copy of the Policy but believes Defendant to be in possession of a complete copy of the same.

9.      The Plaintiff purchased and paid the premium for a policy of homeowner's insurance issued by the Defendant, Policy Number JTA5002577 (the "Policy"), for property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135 (the "Property").

10.     Pursuant to the terms of the Policy, the Defendant agreed to provide insurance coverage to the Plaintiff for losses to the Property.

11.     On or about October 22, 2021, while the Policy was in full force and effect, the Property sustained a covered water damage (the "Loss").

12.     The Loss was reported to the Defendant, and the Defendant assigned claim number 142102390/JTA5002577 to the Loss.

13.     The Defendant acknowledged coverage for but underpaid for the subject covered loss.

14.     Defendant failed to pay the full amount of the Loss as required under the subject Policy and Florida law.

15.     Defendant refuses to pay Plaintiff the full value of Plaintiff's damages as required under the Policy and Florida law.

16.     The Plaintiff suffered and continue to suffer damages and lost business income resulting from Defendant's breach of the Policy.

17.     The Plaintiff was obligated to retain the undersigned attorney for the prosecution of this action and is entitled to reasonable attorneys' fees and costs pursuant to Florida Statute Sections 627.428 and/or 626.9373.

### Count I- Breach of Contract

Plaintiff re-allege and incorporate paragraphs 1 through 17, as if fully set forth herein.

18.     This is a cause of action for breach of contract arising out of the Policy at issue in this action.

19.     It is undisputed that the Plaintiff and Defendant entered into a written contract, the Policy, wherein the Plaintiff agreed to pay a premium and the Defendant agreed to insure the Property.

20.     The Plaintiff paid the premiums due and owing as contemplated by the Policy and otherwise fully performed its obligations under the Policy.

21.     The insured's Property sustained damage for which the Defendant is contractually obligated to provide complete coverage to the Plaintiff as set forth in the Policy.

22.     The losses sustained by the insured Property are covered under the Policy. Accordingly, Defendant was obligated to extend insurance coverage and to tender complete insurance benefits to place the insureds Property and Plaintiff in their pre-loss condition.

23.     Notwithstanding, Defendant failed to tender complete payment for the subject Loss.

24.     Defendant's actions and failure to pay the full value of Plaintiff's loss as required by the Policy and Florida law constitute material breaches of the Policy.

25.     Plaintiff suffered damages as a direct and proximate cause of the Defendant's conduct.

**WHEREFORE**, Plaintiff, J'CAM INVESTMENTS LLC, respectfully demands the entry of judgment by this Court stating:

a.  that Plaintiff is entitled to insurance benefits for all losses sustained as a result of the covered insurance claim at issue herein;

b.  that Defendant's actions constituted material breaches of the Policy and violations of Florida law;

c.  that Plaintiff is entitled to costs and attorneys' fees under Sections 627.428/626.9373, and 57.041, Fla. Stat. and other applicable Florida Statutes; and

d.  that Plaintiff is entitled to such further relief as this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all matters that are so triable as a matter of right.

**Dated:**  January 23, 2023.                    **QUINTANA LAW, PA**
                                                  *Attorneys for Plaintiff*
                                                  237 S. Dixie Highway
                                                  Floor 4, Suite #426
                                                  Coral Gables, Florida 33133
                                                  Tel. (305) 376-0821
                                                  Primary Email: bquintana@quintanalawpa.com
                                                  Secondary Email: paralegal@quintanalawpa.com

                                                  By:     */s/ Brittany Quintana Marti*

Brittany Quintana Marti, Esq.
Fla. Bar No. 98746

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

## SUMMONS

STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Request for Production, First Set of Interrogatories, and Notice of Requesting Depositions in this action on the Defendant:

GREAT LAKES INSURANCE SE
c/o Chief Financial Officer as RA
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

    The Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address are: Quintana Law, PA, 237 S Dixie Highway, Floor 4, Suite 426, Coral Gables, Florida 33133 within twenty (20) days after service of this summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    WITNESS my hand and the seal of said court on_____.

As Clerk of the Court

                          By:_____

Filing # 165335107 E-Filed 01/24/2023 12:19:40 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

**<u>SUMMONS</u>**

STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Request for Production, First Set of Interrogatories, and Notice of Requesting Depositions in this action on the Defendant:

GREAT LAKES INSURANCE SE
c/o Chief Financial Officer as RA
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

    The Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address are: Quintana Law, PA, 237 S Dixie Highway, Floor 4, Suite 426, Coral Gables, Florida 33133 within twenty (20) days after service of this summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

1/25/2023

WITNESS my hand and the seal of said court on_____.

Luis G. Montaldo,
CLERK AD INTERIM As Clerk of the Court

217043

By: _____

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

    Plaintiff,                          Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

    Defendant.

_____ /

**NOTICE OF APPEARANCE AS COUNSEL AND**
**NOTICE OF DESIGNATION OF E-MAIL ADDRESSES**

    The law firm of Baker, Donelson, Bearman, Caldwell and Berkowitz, PC hereby gives notice of the appearance of DAVID B. LEVIN and KIRSTIN GRICE as counsel on behalf of Defendant, GREAT LAKES INSURANCE SE, and requests that copies of all pleadings, notices, orders, and other papers in this cause be henceforth provided to the undersigned.

    The undersigned counsel, pursuant to Florida Rule of Judicial Administration 2.516 (as enacted effective September 1, 2012), hereby designate e-mail addresses for service of all orders, process, pleadings, and other documents in this matter:

As to David B. Levin:

        Primary:      dlevin@bakerdonelson.com
        Secondary:  mymarks@bakerdonelson.com
                    fllservice@bakerdonelson.com

As to Kirstin Grice:

        Primary:      kgrice@bakerdonelson.com
        Secondary:  mymarks@bakerdonelson.com
                    fllservice@bakerdonelson.com

Submitted February 17, 2023.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

By:     */s/ David B. Levin*
         David B. Levin
         Florida Bar No.: 26394
         dlevin@bakerdonelson.com
         Kirstin Grice
         Florida Bar No.: 1011793
         kgrice@bakerdonelson.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appearance was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below, on all counsel or parties of record listed below, this February 17, 2023.

Brittany Quintana Marti, Esq.
QUINTANA LAW, PA
237 S. Dixie Highway
Coral Gables, Florida 33133
bquintana@quintanalawpa.com
paralegal@quintanalawpa.com
Attorney for Plaintiff

*/s/ David B. Levin*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

      Plaintiff,                                             Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____ /

## DEFENDANT'S MOTION FOR EXTENSION OF TIME
## TO RESPOND TO COMPLAINT

Defendant GREAT LAKES INSURANCE SE ("Great Lakes" or "Defendant") respectfully requests this Court enter an order granting it an extension of time to respond to Plaintiff's Complaint.  In support, Defendant states as follows:

1.      On January 27, 2023, Defendant Great Lakes was served with the Complaint in this action.

2.      Prior to Defendant's deadline to respond to the Complaint, Counsel for Great Lakes reached out via email to Plaintiff's counsel on February 16, 2023, to discuss this motion before filing same but, to date, has not received a response to the request for an agreed extension of the response deadline.

3.      The original response deadline to the Complaint was February 20, 2023.  However, undersigned counsel was recently retained and needs additional time to investigate the allegations contained in Plaintiff's Complaint, consult with Great Lakes regarding the availability of defenses to this lawsuit, obtain copies of documents and information, and prepare an appropriate response.

4.      For these reasons, together with the fact that Plaintiff's counsel has not responded to undersigned counsel's request for an extension, Great Lakes respectfully requests an extension through March 17, 2023, to file a response to the Complaint.

5.      The undersigned will make every effort to avoid the necessity of a hearing on this motion and will continue efforts to speak with Plaintiff's counsel regarding the substance of this motion, which is being filed in good faith and not for the purpose of delay.

6.      Moreover, since this lawsuit was recently initiated, there are no scheduled hearings or imminent deadlines, and this extension will not prejudice Plaintiff.

**WHEREFORE**, Defendant, GREAT LAKES INSURANCE SE respectfully requests this Court enter an order granting it an extension of time to respond to the Complaint, through and including March 17, 2023, and for any and all other relief this Court deems just and proper.

Submitted March 3, 2023.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

By:      */s/ Helbert A. Canales-Rojas*
David B. Levin
Florida Bar No.: 26394
dlevin@bakerdonelson.com
Kirstin Grice
Florida Bar No.: 1011793
kgrice@bakerdonelson.com
Helbert A. Canales-Rojas
Florida Bar No.: 1019986
hcanalesrojas@bakerdonelson.com

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Extension was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system on all counsel or parties of record listed below, this March 3, 2023.

Brittany Quintana Marti, Esq.
Quintana Law, PA
237 S. Dixie Highway
Coral Gables, Florida 33133
bquintana@quintanalawpa.com
paralegal@quintanalawpa.com
Attorney for Plaintiff

*/s/ Helbert A. Canales-Rojas*

3

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-001067-CA-01
SECTION: CA08
JUDGE: Lourdes Simon

**J'CAM INVESTMENTS LLC**

Plaintiff(s)

vs.

**Great Lakes Insurance SE**

Defendant(s)

_____/

<u>**AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT**</u>

THIS MATTER, having come before the Court on Defendant's, GREAT LAKES
INSURANCE SE, Motion for Extension of Time to Respond to Complaint, through the agreement
of the parties and the Court having been otherwise advised in the Premises, it is hereby,

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for Extension of Time to Respond to Complaint is hereby **GRANTED.**

2. Defendant shall respond to Plaintiff's Complaint on or before March 17, 2023.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>6th day of March,
2023</u>.

2023-001067-CA-01 03-06-2023 12:40 P

<u>2023-001067-CA-01 03-06-2023 12:40 PM</u>
Hon. Lourdes Simon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Brigitte T. Quintana, info@quintanalawpa.com
Brittany Lauren Quintana, bquintana@quintanalawpa.com
Brittany Lauren Quintana, paralegal@quintanalawpa.com
Brittany Lauren Quintana, brigitte@quintanalawpa.com
David B Levin, dlevin@bakerdonelson.com
David B Levin, tgoff@bakerdonelson.com
David B Levin, mymarks@bakerdonelson.com
Helbert A. Canales-Rojas, hcanalesrojas@bakerdonelson.com
Helbert A. Canales-Rojas, hcanalesrojas@bakerdonelson.com
Helbert A. Canales-Rojas, tgoff@bakerdonelson.com
Helbert A. Canales-Rojas, kklimek@bakerdonelson.com
Kathleen Klimek, kklimek@bakerdonelson.com
Kirstin Grice, kgrice@bakerdonelson.com
Kirstin Grice, mymarks@bakerdonelson.com
Kirstin Grice, fllservice@bakerdonelson.com


**Physically Served:**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

      Plaintiff,                               Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____ /

## DEFENDANT'S MOTION FOR EXTENSION OF TIME
## TO RESPOND TO COMPLAINT AND DISCOVERY

Defendant GREAT LAKES INSURANCE SE ("Great Lakes" or "Defendant") respectfully requests this Court enter an order granting it an extension of time to respond to Plaintiff's Complaint and Discovery.  In support, Defendant states as follows:

1.      By Agreed Order, the response to the Complaint is presently due March 17, 2023. Additionally, the discovery requests that were served with the Complaint (the "Discovery Requests") were due March 16, 2023.

2.      Due to various factors, including, brief illness of the undersigned, undersigned counsel being set for trial in Miami-Dade County beginning March 27, 2023, and intervening travel schedules, undersigned counsel needs additional time to finalize and obtain approval for Great Lakes' Complaint response, as well as to investigate the requests contained in Plaintiff's Discovery Requests, consult with Great Lakes, obtain copies of documents and information, and prepare appropriate responses.

3.      For these reasons, Great Lakes respectfully requests an extension for the Complaint response through March 30, 2023, and an extension of 20 days thereafter to serve responses to the Discovery Requests through April 19, 2023.

4.      Prior to filing the instant Motion, counsel for Great Lakes reached out via email to Plaintiff's counsel to discuss the extensions requested in this motion but has not yet received a response as of the time of this writing.

5.      The undersigned will make every effort to avoid the necessity of a hearing on this motion and will continue efforts to speak with Plaintiff's counsel regarding the substance of this motion, which is being filed in good faith and not for the purpose of delay.

6.      Moreover, since this lawsuit was recently initiated and there are no scheduled hearings or imminent deadlines, this extension will not prejudice Plaintiff.

**WHEREFORE**, Defendant, GREAT LAKES INSURANCE SE, respectfully requests this Court enter an order granting it an extension of the deadline to respond to the Complaint through March 30, 2023, and an extension of 20 days thereafter to serve responses to the Discovery Requests through April 19, 2023, and for any and all other relief this Court deems just and proper.

Submitted March 17, 2023.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

By:      */s/ Helbert A. Canales-Rojas*
          David B. Levin
          Florida Bar No.: 26394
          dlevin@bakerdonelson.com
          Helbert A. Canales-Rojas
          Florida Bar No.: 1019986
          hcanalesrojas@bakerdonelson.com

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Extension was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system on all counsel or parties of record listed below, this March 17, 2023.

> Brittany Quintana Marti, Esq.
> Quintana Law, PA
> 237 S. Dixie Highway
> Coral Gables, Florida 33133
> bquintana@quintanalawpa.com
> paralegal@quintanalawpa.com
> Attorney for Plaintiff

*/s/ Helbert A. Canales-Rojas*

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2023-001067-CA-01
SECTION: CA08
JUDGE: Lourdes Simon

**J'CAM INVESTMENTS LLC**

Plaintiff(s)

vs.

**Great Lakes Insurance SE**

Defendant(s)

_____/

<u>**AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO COMPLAINT AND DISCOVERY**</u>

THIS MATTER, having come before the Court on Defendant's, GREAT LAKES INSURANCE SE, Motion for Extension of Time to Respond to Complaint and Discovery, through the agreement of the parties and the Court having been otherwise advised in the Premises, it is hereby, **ORDERED AND ADJUDGED:**

1. Defendant's Motion for Extension of Time to Respond to Complaint and Discovery is hereby **GRANTED.**

2. Defendant shall respond to Plaintiff's Complaint on or before April 3, 2023.

3. Defendant shall respond to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production on or before April 24, 2023.

4. No further extensions will be granted.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>24th day of March, 2023</u>.

<u>2023-001067-CA-01 03-24-2023 2:34 PM</u>
Hon. Lourdes Simon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Brigitte T. Quintana, info@quintanalawpa.com
Brittany Lauren Quintana, bquintana@quintanalawpa.com
Brittany Lauren Quintana, paralegal@quintanalawpa.com
Brittany Lauren Quintana, brigitte@quintanalawpa.com
David B Levin, dlevin@bakerdonelson.com
David B Levin, tgoff@bakerdonelson.com
David B Levin, mymarks@bakerdonelson.com
Helbert A. Canales-Rojas, hcanalesrojas@bakerdonelson.com
Helbert A. Canales-Rojas, hcanalesrojas@bakerdonelson.com
Helbert A. Canales-Rojas, tgoff@bakerdonelson.com
Helbert A. Canales-Rojas, kklimek@bakerdonelson.com
Kathleen Klimek, kklimek@bakerdonelson.com
Kirstin Grice, kgrice@bakerdonelson.com
Kirstin Grice, mymarks@bakerdonelson.com
Kirstin Grice, fllservice@bakerdonelson.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

      Plaintiff,

                                          Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____ /

## GREAT LAKES INSURANCE SE'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Great Lakes Insurance SE ("Great Lakes"), pursuant to Fla. R. Civ. P. 1.110 &

1.140, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, J'Cam

Investments LLC ("Plaintiff"), and states as follows:

## PARTIES, JURISDICTION & VENUE

1.      Great Lakes admits only that Plaintiff has brought an action seeking damages in

excess of $50,000.00, and specifically denies that Plaintiff is entitled to any such damages and

demands strict proof thereof.

2.      Great Lakes is without knowledge as to the allegations in Paragraph 2 of the

Complaint, therefore denied and strict proof is demanded.

3.      Great Lakes admits only that it is authorized to transact business as a surplus lines

carrier in the State of Florida.

4.      Great Lakes is without knowledge as to the allegations in Paragraph 4 of the

Complaint, therefore denied and strict proof is demanded.

5.      Admitted for jurisdictional purposed only.

6.      Great Lakes denies the allegations in paragraph 6 of the Complaint and demands strict proof thereof.

## General Allegations

7.      Great Lakes admits only that it issued an insurance policy naming J'Cam Investments, LLC as the named insured (the "Insured"), bearing policy number JTA5002577, with effective dates of February 26, 2021, to February 26, 2022, (the "Policy") and covering the property located at 2010 SW 6th Street, Miami, Florida 33135 (the "Property"). Great Lakes further states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

8.      Great Lakes is without knowledge as to whether Plaintiff is in possession of a copy of the Policy, therefore denied and strict proof is demanded as to that allegation; however, Great Lakes admits that it is in possession of a copy of the Policy, which will be provided to Plaintiff's counsel.

9.      Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

10.      Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

11.      Great Lakes denies the allegations in paragraph 11 of the Complaint and demands strict proof thereof.

12.     Great Lakes admits only that a claim number was assigned by the local claim administrator.

13.     Great Lakes denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14.     Great Lakes denies the allegations in paragraph 14 of the Complaint and demands strict proof thereof.

15.     Great Lakes denies the allegations in paragraph 15 of the Complaint and demands strict proof thereof.

16.     Great Lakes denies the allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17.     Great Lakes denies the allegations in paragraph 17 of the Complaint and demands strict proof thereof.

## Count I – Breach of Contract

Great Lakes restates and incorporates its responses to paragraphs 1-17 as if fully set forth herein.

18.     Plaintiff makes no factual allegation in this paragraph, and so, no response is required. To the extent a response is required, denied.

19.     Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

20.     Great Lakes denies the allegations in paragraph 20 of the Complaint and demands strict proof thereof.

21.     Great Lakes denies the allegations in paragraph 21 of the Complaint and demands strict proof thereof.

22.     Great Lakes denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof.

23.     Great Lakes denies the allegations in paragraph 23 of the Complaint and demands strict proof thereof.

24.     Great Lakes denies the allegations in paragraph 24 of the Complaint and demands strict proof thereof.

25.     Great Lakes denies the allegations in paragraph 25 of the Complaint and demands strict proof thereof.

**WHEREFORE**, having answered Plaintiff's Complaint, Great Lakes requests this Court enter judgment in its favor in all respects, and deny Plaintiff its requested relief, and award any and all other such relief deemed just and proper.

## **GENERAL DENIAL**

Great Lakes expressly denies any and all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

1.     Great Lakes states that its liability to Plaintiffs, if any, in whole or in part, is strictly limited to the Terms, Conditions, Exclusions, and Endorsements contained in the Policy.

2.     Great Lakes states that Plaintiff has not suffered a covered cause of loss beyond that for which coverage has already been afforded and/or the claimed loss is expressly excluded by the terms of the Policy as more fully set forth herein below, and in that certain claim determination letter sent to the Plaintiffs on or about May 20, 2022, the contents and enclosures of which are incorporated herein by reference. Specifically, the correspondence stated that the loss

was the result of age/wear & tear of a portion of the sanitary system in the bathroom, cited to several Policy exclusions, and declined coverage for the portion of the claim involving damage to the sanitary system. Further, Great Lakes expressly reserved all rights, defenses, and privileges afforded under the Policy, and extended coverage for the purported water damage and loss of business income resulting from the reported water discharge after application of the coinsurance penalty since the Property was underinsured. The extension of coverage and amounts paid to the Plaintiff were proper and no further amounts are due to the Plaintiff.

3.   Great Lakes states that, despite the partial coverage extended and in view of Great Lakes' express reservation of rights/defenses in its Coverage Determination Letter, Plaintiff's claim is barred due to its failure to satisfy several of the Policy's duties in event of loss. Specifically, the Policy states that, in the event of a loss, the Plaintiff must:

> (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
>
> …
>
> (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim…Also, if feasible, set the damaged property aside and in the best possible order for examination;
>
> …
>
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records; and
>
> …
>
> (8) Cooperate with us in the investigation or settlement of the claim.

*Policy*, CP 00 10 10 12, Pg. 10-11.

Despite the requirements enumerated above, Plaintiff failed to give prompt notice of the loss or damage. Specifically, the alleged loss was not reported until November 9, 2021, which was only after the tenant vacated the Property. In fact, the notice of loss itself states that "Insured came in Unit 2 after tenant left," and the Plaintiff itself stated during the IA's initial inspection that the tenant had reported on more than one occasion that there was "water behind the walls" of the bathroom. Despite this knowledge, the Plaintiff never reported the loss until some undetermined time later only after the tenant vacated and not when the Plaintiff first learned of facts that could have given rise to this Claim. Additionally, given the fact that Plaintiff completely gutted the *entire* apartment unit– floor-to-ceiling down to the studs, including all fixtures–prior to allowing Great Lakes to conduct an inspection of the Property, Plaintiff breached the post-loss obligations in the Policy requiring Plaintiff to: (i) set the damaged property aside and in the best possible order for examination; (ii) permit Great Lakes to inspect the property proving the loss or damage and to take samples of damaged and undamaged property for inspection, testing and analysis; and (iii) to otherwise cooperate with Great Lakes in the investigation or settlement of the claim. In view of the Plaintiff's failure to comply with the Policy's post-loss obligations/conditions precedent to filing suit, Plaintiff's claim fails (see picture below of an overview of the Property during Great Lakes' first inspection following Plaintiff's reporting of the loss).



4.      Plaintiff's claim is barred because the Policy specifically excludes from coverage damage caused by long-term and age-related deterioration; wear and tear; rust or corrosion, deferred maintenance; improper design, installation, and construction; mechanical breakdown, etc. *See* CP 10 30 10 12 at Pgs.   3-4. As stated above, Great Lakes' investigation through its independent adjuster, Johns Eastern, and plumber, Joe Cole Plumbing, revealed that the damage to the sanitary system was due to age and wear & tear related deterioration.

5.      Plaintiff's claim is barred because Great Lakes thoroughly and appropriately investigated and adjusted the Plaintiff's claim, including by completing an inspection of the Property with its independent adjuster, Johns Eastern and later inspection with Joe Cole Plumbing revealing that: (i) "the base of the main 3" cast iron stack had multiple cracks as well as showing signs of failure;" (ii) the drainpipe below grade had "an excessive amount of cracks, bellies, and deterioration;"  (iii) "the water damage loss in Unit #2 was cause from the compromised drainpipe when the system was stopped up;" (iv) "the cast iron pipe is in poor condition and is affected by multiple cracks and bellies;" and (iv) "the sanitary system has reached its maximum life span." Thus, based on the inspections and adjustment to date, and pursuant to Great Lakes' correspondence with Plaintiff, Great Lakes properly denied coverage for the sanitary system but nonetheless only gratuitously afforded coverage for the resulting water damage for which no further payments are due to the Plaintiff.

6.  Plaintiff's claim is barred, in whole or in part, to the extent that there is no evidence showing that the alleged loss took place because of a specified cause of loss, nor was any such evidence provided to Great Lakes by the Plaintiff. *See*, Policy, Causes of Loss – Special Form, CP 10 30 10 12. Pgs. 1-10.

7.   Plaintiff's claim is barred, in whole or in part, because the alleged loss took place due to wear and tear as revealed by Great Lakes' investigation noted above. *See*, Policy, CP 10 30 10 11, Pg. 3.

8.   Plaintiff's claim is barred, in whole or in part, to the extent that the alleged loss took place due to rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself. *Id.*

9.   Plaintiff's claim is barred, in whole or in part, to the extent that the alleged loss took place due to continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more. *Id.*

10. Plaintiff is not entitled to recover attorney's fees in this action because this lawsuit was not "filed for a legitimate purpose [nor] did the filing act as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract. For attorney's fees to be awarded, there must have been some dispute as to the amount owed by the insurer before the insured filed suit." *See*, *People's Tr. Ins. Co. v. Polanco*, 4D22-559, 2023 WL 151310, at *1 (Fla. 4th DCA Jan. 11, 2023) (citing to *State Farm Fla. Ins. Co. v. Lime Bay Condo., Inc.*, 187 So.3d 932, 935 (Fla. 4th DCA 2016); *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. 4th DCA 2009). Specifically, there could be no present dispute as to the amount Plaintiff now alleges to be owed in this lawsuit given that the Plaintiff never sent Great Lakes an estimate for its purported damages nor a sworn proof of loss. Accordingly, there was not yet a bona fide dispute as to the amount of the loss and Plaintiff is not entitled to recover attorney's fees.

11. Great Lakes states that the damages alleged in the Complaint were caused or contributed to by events, conduct, acts, or omissions of persons other than Great Lakes, over whom and which Great Lakes had and has no control, and for whose alleged acts and omissions Great Lakes bears

no responsibility and is not liable, including but not limited to construction defects and wear and tear to the property.

12. Plaintiff's claims are barred because it has suffered no additional damages under the Policy that were compensable by Great Lakes.

13. Great Lakes states that it has violated no legally cognizable duty or obligation owed to Plaintiffs, either directly or indirectly.

14. Any damages Plaintiff seeks to recover are subject to set-off, contribution, and/or recoupment given the previous payments issued to the Plaintiff, including but not limited to the six months of loss of business income/rental value paid to Plaintiff, given the limitations set forth in the Policy. *See*, Policy, Business Income (and Extra Expense) Coverage Form, CP 00 30 10 12, pgs. 1-9.

**WHEREFORE**, having answered Plaintiffs' Complaint and having asserted affirmative defenses thereto, Great Lakes respectfully requests this Court enter judgment for Great Lakes and award any and all other relief this Court deems just and proper.

Submitted April 3, 2023

**BAKER,    DONELSON,    BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

By:       */s/ David B. Levin*
           Florida Bar No.: 26394
           dlevin@bakerdonelson.com
           Helbert A. Canales-Rojas
           Florida Bar No.: 1019986
           hcanalesrojas@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system on all counsel or parties of record listed below, this April 3, 2023.

> Brittany Quintana Marti, Esq.
> Quintana Law, P.A.
> 237 S. Dixie Highway, Suite 426
> Coral Gables, Florida 33133
> Tel. (305) 376-0821
> Email: brittany@quintanalawpa.com
> Email: paralegal@quintanalawpa.com

> */s/ David B. Levin*

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE NOS. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 AND 13

Plaintiff, J'CAM INVESTMENTS LLC, (hereinafter "Plaintiff"), by and through the undersigned attorney, hereby files this Motion to Strike Defendant's, GREAT LAKES INSURANCE SE ("Defendant"), Answer and Affirmative Defense No. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13; and in support thereof states as follows:

1.     The subject lawsuit involves Defendant's breach of an insurance policy for failing to pay Plaintiff the full value of the damages to the property caused by a covered water loss.

2.     On April 3, 2023, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint. *See Great Lakes Insurance SE's Answer and Affirmative Defenses attached hereto and incorporated herein as Exhibit "A."*

3.     Defendant's listed an improper, general denial and Affirmative Defenses Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 are deficient as a matter of law.

4.    Specifically, Defendant's aforementioned Affirmative Defenses are either general, conclusory defenses which do not state sufficient facts in support and further do not permit Plaintiff to formulate a reply or are repetitive.

5.    It is well known that certainty is required in pleading a defense. *See Zito v. Washington Fed. Sav. & Loan Assoc. of Miami Beach*, 318 So. 2d 175, 176 (Fla. 3d DCA 1975) (stating that certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence*). Id.* at 176.

6.    Additionally, defenses which are merely "conclusions of law unsupported by allegations of ultimate fact [are] legally insufficient." *Cady v. Chevy Chase Sav. & Loan, Inc.,* 528 So. 2d 136, 138 (Fla. 4th DCA 1988); *Bliss v. Carmona,* 418 So.2d 1017, 1019, (Fla.  3d DCA 1982).

7.    In *Thompson v. Bank of N.Y.,* 862 So. 2d 768 (Fla. 4th DCA 2003), the Court stated that "certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient." *Thompson* at 771 (citing *Cady v. Chevy Chase Sav. & Loan, Inc.,* 528 So. 2d 136 (Fla. 4th DCA 1988).

8.    Similarly, denials and/or hypotheticals are not proper Affirmative Defenses.

9.    Defendant's purported Affirmative Defense Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 are not bona fide affirmative defenses and are vague, cumulative, intrinsically contradictory and confusing, and/or requires additional factual support that would permit a reply.

10.    As the foregoing Affirmative Defenses were not raised with certainty and plead a conclusion of law unsupported by allegations of ultimate facts, the defense is legally insufficient and must be stricken.

WHEREFORE, Plaintiff, J'CAM INVESTMENTS LLC, respectfully requests that this Court enters an order striking Defendant's general denial and its Affirmative Defense Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13, and any further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Florida Rule of Judicial Administration 2.516, a true and correct copy of the above and foregoing was served via e-mail on April 24, 2023 to David B. Levin, Esq., Kirstin Grice, Esq., and Helbert A. Canales-Rojas, Esq., via email at dlevin@bakerdonelson.com, kgrice@bakerdonelson.com, mymarks@bakerdonelson.com and hcanalesrojas@bakerdonelson.com.

**QUINTANA LAW, PA**
*Attorneys for Plaintiffs*
237 S. Dixie Highway
Suite 426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By:      */s/Brittany Quintana Marti*
         Brittany Quintana Marti, Esq.
         Fla. Bar No. 98746

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

      Plaintiff,

                                      Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____ /

**GREAT LAKES INSURANCE SE'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Great Lakes Insurance SE ("Great Lakes"), pursuant to Fla. R. Civ. P. 1.110 &
1.140, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, J'Cam
Investments LLC ("Plaintiff"), and states as follows:

**PARTIES, JURISDICTION & VENUE**

1.      Great Lakes admits only that Plaintiff has brought an action seeking damages in
excess of $50,000.00, and specifically denies that Plaintiff is entitled to any such damages and
demands strict proof thereof.

2.      Great Lakes is without knowledge as to the allegations in Paragraph 2 of the
Complaint, therefore denied and strict proof is demanded.

3.      Great Lakes admits only that it is authorized to transact business as a surplus lines
carrier in the State of Florida.

4.      Great Lakes is without knowledge as to the allegations in Paragraph 4 of the
Complaint, therefore denied and strict proof is demanded.

5.      Admitted for jurisdictional purposed only.

6.      Great Lakes denies the allegations in paragraph 6 of the Complaint and demands strict proof thereof.

## General Allegations

7.      Great Lakes admits only that it issued an insurance policy naming J'Cam Investments, LLC as the named insured (the "Insured"), bearing policy number JTA5002577, with effective dates of February 26, 2021, to February 26, 2022, (the "Policy") and covering the property located at 2010 SW 6th Street, Miami, Florida 33135 (the "Property"). Great Lakes further states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

8.      Great Lakes is without knowledge as to whether Plaintiff is in possession of a copy of the Policy, therefore denied and strict proof is demanded as to that allegation; however, Great Lakes admits that it is in possession of a copy of the Policy, which will be provided to Plaintiff's counsel.

9.      Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

10.      Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

11.      Great Lakes denies the allegations in paragraph 11 of the Complaint and demands strict proof thereof.

12.     Great Lakes admits only that a claim number was assigned by the local claim administrator.

13.     Great Lakes denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14.     Great Lakes denies the allegations in paragraph 14 of the Complaint and demands strict proof thereof.

15.     Great Lakes denies the allegations in paragraph 15 of the Complaint and demands strict proof thereof.

16.     Great Lakes denies the allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17.     Great Lakes denies the allegations in paragraph 17 of the Complaint and demands strict proof thereof.

## <u>Count I – Breach of Contract</u>

Great Lakes restates and incorporates its responses to paragraphs 1-17 as if fully set forth herein.

18.     Plaintiff makes no factual allegation in this paragraph, and so, no response is required. To the extent a response is required, denied.

19.     Great Lakes states that the Policy speaks for itself relative to its terms, conditions, coverages, and exclusions and any statements made inconsistent therewith are specifically denied and strict proof demanded.

20.     Great Lakes denies the allegations in paragraph 20 of the Complaint and demands strict proof thereof.

21.    Great Lakes denies the allegations in paragraph 21 of the Complaint and demands strict proof thereof.

22.    Great Lakes denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof.

23.    Great Lakes denies the allegations in paragraph 23 of the Complaint and demands strict proof thereof.

24.    Great Lakes denies the allegations in paragraph 24 of the Complaint and demands strict proof thereof.

25.    Great Lakes denies the allegations in paragraph 25 of the Complaint and demands strict proof thereof.

**WHEREFORE**, having answered Plaintiff's Complaint, Great Lakes requests this Court enter judgment in its favor in all respects, and deny Plaintiff its requested relief, and award any and all other such relief deemed just and proper.

## GENERAL DENIAL

Great Lakes expressly denies any and all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

1.    Great Lakes states that its liability to Plaintiffs, if any, in whole or in part, is strictly limited to the Terms, Conditions, Exclusions, and Endorsements contained in the Policy.

2.    Great Lakes states that Plaintiff has not suffered a covered cause of loss beyond that for which coverage has already been afforded and/or the claimed loss is expressly excluded by the terms of the Policy as more fully set forth herein below, and in that certain claim determination letter sent to the Plaintiffs on or about May 20, 2022, the contents and enclosures of which are incorporated herein by reference. Specifically, the correspondence stated that the loss

was the result of age/wear & tear of a portion of the sanitary system in the bathroom, cited to several Policy exclusions, and declined coverage for the portion of the claim involving damage to the sanitary system. Further, Great Lakes expressly reserved all rights, defenses, and privileges afforded under the Policy, and extended coverage for the purported water damage and loss of business income resulting from the reported water discharge after application of the coinsurance penalty since the Property was underinsured. The extension of coverage and amounts paid to the Plaintiff were proper and no further amounts are due to the Plaintiff.

3.   Great Lakes states that, despite the partial coverage extended and in view of Great Lakes' express reservation of rights/defenses in its Coverage Determination Letter, Plaintiff's claim is barred due to its failure to satisfy several of the Policy's duties in event of loss. Specifically, the Policy states that, in the event of a loss, the Plaintiff must:

> (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
>
> …
>
> (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim…Also, if feasible, set the damaged property aside and in the best possible order for examination;
>
> …
>
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records; and
>
> …
>
> (8) Cooperate with us in the investigation or settlement of the claim.

*Policy*, CP 00 10 10 12, Pg. 10-11.

Despite the requirements enumerated above, Plaintiff failed to give prompt notice of the loss or damage. Specifically, the alleged loss was not reported until November 9, 2021, which was only after the tenant vacated the Property. In fact, the notice of loss itself states that "Insured came in Unit 2 after tenant left," and the Plaintiff itself stated during the IA's initial inspection that the tenant had reported on more than one occasion that there was "water behind the walls" of the bathroom. Despite this knowledge, the Plaintiff never reported the loss until some undetermined time later only after the tenant vacated and not when the Plaintiff first learned of facts that could have given rise to this Claim. Additionally, given the fact that Plaintiff completely gutted the *entire* apartment unit– floor-to-ceiling down to the studs, including all fixtures–prior to allowing Great Lakes to conduct an inspection of the Property, Plaintiff breached the post-loss obligations in the Policy requiring Plaintiff to: (i) set the damaged property aside and in the best possible order for examination; (ii) permit Great Lakes to inspect the property proving the loss or damage and to take samples of damaged and undamaged property for inspection, testing and analysis; and (iii) to otherwise cooperate with Great Lakes in the investigation or settlement of the claim. In view of the Plaintiff's failure to comply with the Policy's post-loss obligations/conditions precedent to filing suit, Plaintiff's claim fails (see picture below of an overview of the Property during Great Lakes' first inspection following Plaintiff's reporting of the loss).



4.      Plaintiff's claim is barred because the Policy specifically excludes from coverage damage caused by long-term and age-related deterioration; wear and tear; rust or corrosion, deferred maintenance; improper design, installation, and construction; mechanical breakdown, etc. *See* CP 10 30 10 12 at Pgs.   3-4. As stated above, Great Lakes' investigation through its independent adjuster, Johns Eastern, and plumber, Joe Cole Plumbing, revealed that the damage to the sanitary system was due to age and wear & tear related deterioration.

5.      Plaintiff's claim is barred because Great Lakes thoroughly and appropriately investigated and adjusted the Plaintiff's claim, including by completing an inspection of the Property with its independent adjuster, Johns Eastern and later inspection with Joe Cole Plumbing revealing that: (i) "the base of the main 3" cast iron stack had multiple cracks as well as showing signs of failure;" (ii) the drainpipe below grade had "an excessive amount of cracks, bellies, and deterioration;"  (iii) "the water damage loss in Unit #2 was cause from the compromised drainpipe when the system was stopped up;" (iv) "the cast iron pipe is in poor condition and is affected by multiple cracks and bellies;" and (iv) "the sanitary system has reached its maximum life span." Thus, based on the inspections and adjustment to date, and pursuant to Great Lakes' correspondence with Plaintiff, Great Lakes properly denied coverage for the sanitary system but nonetheless only gratuitously afforded coverage for the resulting water damage for which no further payments are due to the Plaintiff.

6.  Plaintiff's claim is barred, in whole or in part, to the extent that there is no evidence showing that the alleged loss took place because of a specified cause of loss, nor was any such evidence provided to Great Lakes by the Plaintiff. *See*, Policy, Causes of Loss – Special Form, CP 10 30 10 12. Pgs. 1-10.

7.   Plaintiff's claim is barred, in whole or in part, because the alleged loss took place due to wear and tear as revealed by Great Lakes' investigation noted above. *See*, Policy, CP 10 30 10 11, Pg. 3.

8.   Plaintiff's claim is barred, in whole or in part, to the extent that the alleged loss took place due to rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself. *Id.*

9.   Plaintiff's claim is barred, in whole or in part, to the extent that the alleged loss took place due to continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more. *Id.*

10. Plaintiff is not entitled to recover attorney's fees in this action because this lawsuit was not "filed for a legitimate purpose [nor] did the filing act as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract. For attorney's fees to be awarded, there must have been some dispute as to the amount owed by the insurer before the insured filed suit." *See*, *People's Tr. Ins. Co. v. Polanco*, 4D22-559, 2023 WL 151310, at *1 (Fla. 4th DCA Jan. 11, 2023) (citing to *State Farm Fla. Ins. Co. v. Lime Bay Condo., Inc.*, 187 So.3d 932, 935 (Fla. 4th DCA 2016); *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. 4th DCA 2009). Specifically, there could be no present dispute as to the amount Plaintiff now alleges to be owed in this lawsuit given that the Plaintiff never sent Great Lakes an estimate for its purported damages nor a sworn proof of loss. Accordingly, there was not yet a bona fide dispute as to the amount of the loss and Plaintiff is not entitled to recover attorney's fees.

11. Great Lakes states that the damages alleged in the Complaint were caused or contributed to by events, conduct, acts, or omissions of persons other than Great Lakes, over whom and which Great Lakes had and has no control, and for whose alleged acts and omissions Great Lakes bears

no responsibility and is not liable, including but not limited to construction defects and wear and tear to the property.

12. Plaintiff's claims are barred because it has suffered no additional damages under the Policy that were compensable by Great Lakes.

13. Great Lakes states that it has violated no legally cognizable duty or obligation owed to Plaintiffs, either directly or indirectly.

14. Any damages Plaintiff seeks to recover are subject to set-off, contribution, and/or recoupment given the previous payments issued to the Plaintiff, including but not limited to the six months of loss of business income/rental value paid to Plaintiff, given the limitations set forth in the Policy. *See*, Policy, Business Income (and Extra Expense) Coverage Form, CP 00 30 10 12, pgs. 1-9.

**WHEREFORE**, having answered Plaintiffs' Complaint and having asserted affirmative defenses thereto, Great Lakes respectfully requests this Court enter judgment for Great Lakes and award any and all other relief this Court deems just and proper.

Submitted April 3, 2023

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

By:      */s/ David B. Levin*
Florida Bar No.: 26394
dlevin@bakerdonelson.com
Helbert A. Canales-Rojas
Florida Bar No.: 1019986
hcanalesrojas@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system on all counsel or parties of record listed below, this April 3, 2023.

Brittany Quintana Marti, Esq.
Quintana Law, P.A.
237 S. Dixie Highway, Suite 426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Email: brittany@quintanalawpa.com
Email: paralegal@quintanalawpa.com

*/s/ David B. Levin*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

     Plaintiff,                                  Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____ /

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

Defendant, GREAT LAKES INSURANCE SE ("Great Lakes"), gives notice of having

served the following discovery responses on counsel for Plaintiff on April 24, 2023:

     a.  Great Lakes' Unverified Responses to Plaintiff's Interrogatories;

     b.  Great Lakes' Responses to Plaintiff's Request for Production.

Verified Interrogatory Responses will follow upon availability.

Submitted this April 25, 2023.

                                **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
                                  1 Financial Plaza, Suite 1620
                                  Fort Lauderdale, Florida 33394
                                  Telephone: (954) 768-1600
                                  Counsel for Defendant

                          By:       */s/ Helbert A. Canales-Rojas*
                                    David B. Levin
                                    Florida Bar No.: 26394
                                    dlevin@bakerdonelson.com
                                    Helbert A. Canales-Rojas
                                    Florida Bar No.: 1019986
                                    hcanalesrojas@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2023, a true copy of the foregoing Notice of Service of

Discovery Responses has been filed with the Clerk of the Court using the Florida Courts E-Filing

Portal, which will serve a copy via electronic mail on:

      Brittany Quintana Marti, Esq.
      Quintana Law, PA
      237 S. Dixie Highway
      Coral Gables, Florida 33133
      bquintana@quintanalawpa.com
      paralegal@quintanalawpa.com
      Attorney for Plaintiff

                                       */s/ Helbert A. Canales-Rojas*

Filing # 172077035 E-Filed 04/28/2023 11:46:03 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-001067-CA-01**
**SECTION:  CA08**

**J'CAM INVESTMENTS LLC**
Plaintiff(s),

vs.

**Great Lakes Insurance SE**
Defendant(s)

_____/

## CASE MANAGEMENT ORDER (STREAMLINED PATHWAY)

    **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

    **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **05-23-2023** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **06-12-2023** |
| **Deadline for Witness and Exhibit List, including known experts:** | **07-17-2023** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **07-27-2023** |
| **Deadline for Adding Parties:** | **08-26-2023** |
| **Deadline for Inspections/Examinations:** | **09-10-2023** |
| **Deadline for Expert Disclosure:** | **09-30-2023** |
| **Deadline for Discovery Completion (Including Depositions):** | **10-30-2023** |
| **Deadline for Final Witness and Exhibit List:** | **10-30-2023** |
| **Deadline for Dispositive Motions:** | **10-30-2023** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **11-09-2023** |
| **Deadline for ADR/Mediation:** | **11-09-2023** |
| **Trial Ready Deadline:** | **12-09-2023** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall <u>not</u> be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.</u>

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.  Last minute cancellations are disfavored.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all   documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.


**Witness and Exhibits Lists**


10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

**Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

       **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this _____**28th day of April, 2023**_____.

2023-001067-CA-01 04-28-2023 11:24 PM

2023-001067-CA-01 04-28-2023 11:24 PM

**Lourdes Simon**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Brittany Lauren Quintana, bquintana@quintanalawpa.com
Brittany Lauren Quintana, paralegal@quintanalawpa.com
Brittany Lauren Quintana, brigitte@quintanalawpa.com
Helbert A. Canales-Rojas, hcanalesrojas@bakerdonelson.com
Helbert A. Canales-Rojas, hcanalesrojas@bakerdonelson.com
Helbert A. Canales-Rojas, tgoff@bakerdonelson.com
Helbert A. Canales-Rojas, kklimek@bakerdonelson.com
Katherine Ervin, kervin@bakerdonelson.com
Kathleen Klimek, kklimek@bakerdonelson.com
Kirstin Grice, kgrice@bakerdonelson.com
Kirstin Grice, mymarks@bakerdonelson.com
Kirstin Grice, fllservice@bakerdonelson.com
Brian W. Fernandez, bfernandez@bakerdonelson.com
Brian W. Fernandez, mymarks@bakerdonelson.com
David B Levin, dlevin@bakerdonelson.com
David B Levin, tgoff@bakerdonelson.com
David B Levin, mymarks@bakerdonelson.com
Brigitte T. Quintana, info@quintanalawpa.com
Brigitte Taylor Quintana, brigitte@quintanalawpa.com
Brigitte Taylor Quintana, paralegal@quintanalawpa.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

## NOTICE OF HEARING

*(Motion Calendar – Hearing was coordinated with Opposing Counsel)*

     PLEASE TAKE NOTICE that the undersigned has set down for hearing before the Honorable Lourdes Simon, at the Miami Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130, on **June 13, 2023 at 9:00 a.m**., the following:

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES NO. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 AND 13

     PLEASE GOVERN YOURSELF ACCORDINGLY.

*In accordance with the Americans with Disabilities Act of 1990, persons who are disabled, and who need a special accommodation to participate in this proceeding because of that disability, should contact this court division at (305) 831-7823 not later than five business days prior to the proceeding. The TDD line for the hearing impaired is (305) 831-8288.*

1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that pursuant to Florida Rule of Judicial Administration 2.516, a true and correct copy of the above and foregoing was served via e-mail on May 2, 2023 to David B. Levin, Esq., Kirstin Grice, Esq., and Helbert A. Canales-Rojas, Esq., via email at dlevin@bakerdonelson.com, kgrice@bakerdonelson.com, mymarks@bakerdonelson.com and hcanalesrojas@bakerdonelson.com.

**QUINTANA LAW, PA**
*Attorneys for Plaintiffs*
237 S. Dixie Highway
Suite 426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By:      */s/Brittany Quintana Marti*
         Brittany Quintana Marti, Esq.
         Fla. Bar No. 98746

Filing # 174265231 E-Filed 05/31/2023 10:31:54 AM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

    Plaintiff,

v.

GREAT LAKES INSURANCE SE,

    Defendant.

_____/

## NOTICE OF TAKING DEPOSITION *DUCES TECUM*

    PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of:

| | |
|---|---|
| **NAME:** | **Patrick Stein** |
| **DATE AND TIME:** | **August 9, 2023 at 2:00 p.m.** |
| **LOCATION:** | **Join Zoom Meeting** |
| | **https://us02web.zoom.us/j/3521936170?pwd=dHNZdmdUZjZk** |
| | **Z2N1REpqNzVMc1BoZz09** |
| | **Meeting ID: 352 193 6170** |
| | **Passcode: coastal** |

    Said deposition will be taken upon oral examination before Coastal Reporting, a Notary Public or any other Notary Public or officer authorized by law to take depositions in the State of Florida.  The oral examination will continue from day to day until completed.  The deposition is being taken for the purpose of discovery, for the use at trial or for such other purposes as are permitted under the Rules of Court. The deponent shall produce all documents responsive to the attached Exhibit "A".

1

**QUINTANA LAW, PA**

*In accordance with the Americans with Disabilities Act of 1990, persons who are disabled, and who need a special accommodation to participate in this proceeding because of that disability, should contact this court division at (305) 831-7823 not later than five business days prior to the proceeding.  The TDD line for the hearing impaired is (305) 831-8288.*

## DEFINITIONS AND INSTRUCTIONS

A.    "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B.    "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C.    Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D.    Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E.    Locations on which electronic data may be found include, but are not limited to:

      a)    Individual computers;

**QUINTANA LAW, PA**

      b)      Laptops;
      c)      Data bases;
      e)      E-mails;
      f)      Servers;
      g)      Home computers;
      h)      Archives;
      i)      Networks;
      j)      Computer systems, including legacy systems;
      k)      Backup tapes; and
      l)      Internet data.

F.      "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G.      If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:

      (a)  identify the privilege claimed;
      (b)  state the date the document was prepared;
      (c)  state the author and recipient(s) of the document; and
      (d)  state the general subject matter of the document.

H.      The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive. All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter. In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

I.      The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J.      The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K.      As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L.      "Any" shall include the word "all" and the word "all" shall include the word "any."

M.   "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

N.   The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

### [EXHIBIT "A" ON FOLLOWING PAGE]

**QUINTANA LAW, PA**

## EXHIBIT "A"

1.      All documents reviewed in preparation for this deposition.

2.      All documents relating to, referring to or regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135 (hereinafter the "Property").

3.      Your complete file(s), cover to cover, regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135; CLAIM NO: 142102390/JTA5002577, including, without limitation, all communications between you and Defendant or anyone else regarding this property, and all photographs, videos, drawings, or other depiction or images taken of or depicting the subject Property.

4.      Copies of all documentation, images, programs and/or files that you reviewed prior to finalizing your report generated in connection with the subject Property, CLAIM NO: 142102390/JTA5002577.

5.      All drafts/versions of your report generated in connection with the subject Property, CLAIM NO: 142102390/JTA5002577.

6.      Copies of any engagement letters, contracts, agreements, assignments or emails requesting services be performed by you relating to the property located at the Subject Property.

7.      Time records, billings and payment records for any services performed by you or your company at the request of Defendant or anyone else regarding the property located at the subject Property.

8.      All documents, photographs, handwritten notes generated in connection with your inspection of the subject Property.

9.      Any reports, estimates or material prepared or authored by you or your company regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135.

10.     All materials supplied to you by Defendant or anyone else regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135.

11.     Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff(s) regarding the loss at the insured property.

12.     The complete file maintained by you including but not limited to:

**QUINTANA LAW, PA**

A)     All letters, memoranda, and other forms of written or computerized communications to, or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, evaluating or handling of the claim at issue in this action.

B)     All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)     All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and any employee, representative or agent of Plaintiff(s), or their representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)     All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)     All written or computerized communications and written or computerized record of oral communications, whether in person or by telephone, to or from you and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

F)     All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and Plaintiff(s) or their representatives or agents that concern, refer, or relate in any way to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

G)     All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff(s)' claim.

H)     All activity logs, diaries, claim notes or logs created by you in connection with the claim at issue in this action.

I)     The file folders in which the preceding documents are kept.

J)     All reports and correspondence.

K)     Tapes - video and audio.

L)   Photographs and original negatives.

13.   Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff(s), and their claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

14.   Copies of all documentation of whatever kind or nature in your possession, custody or control concerning all losses to the subject Property prior to the date of loss set forth in the Complaint, and all files relating to Plaintiff(s), and her prior claim(s) for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

15.   Copies of all correspondence, notices, reports or other communications between you and/or Defendant's representatives and Plaintiff(s) and their representatives regarding the loss at the insured property.

16.   Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

17.   Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff(s)' insurance claim and the coverage and payment decisions made on Plaintiff(s)' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff(s), the methods of computation used by you in arriving at  valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

18.   Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

19.   Your current *curriculum vitae*.

**[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]**

7

**QUINTANA LAW, PA**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that pursuant to Florida Rule of Judicial Administration 2.516, a true and correct copy of the above and foregoing was served via e-mail on May 31, 2023 to David B. Levin, Esq., Kirstin Grice, Esq., and Helbert A. Canales-Rojas, Esq., via email at dlevin@bakerdonelson.com, kgrice@bakerdonelson.com, mymarks@bakerdonelson.com and hcanalesrojas@bakerdonelson.com.

**QUINTANA LAW, PA**
*Attorneys for Plaintiffs*
237 S. Dixie Highway
Suite 426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By:    */s/Brittany Quintana Marti*
       Brittany Quintana Marti, Esq.
       Fla. Bar No. 98746

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

## SUBPOENA *DUCES TECUM* FOR DEPOSITION

THE STATE OF FLORIDA:

**TO:**   **Patrick Stein**
Johns Eastern Company
500 Winderley Place, Suite 106
Maitland, FL 32751

YOU ARE COMMANDED to appear **Join Zoom Meeting, https://us02web.zoom.us/j/3521936170?pwd=dHNZdmdUZjZkZ2N1REpqNzVMc1BoZz09 Meeting ID: 352 193 6170- Passcode: coastal, on August 9, 2023 at 2:00 p.m.**, and to produce, at that time, the documents set forth in SCHEDULE "A."

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the

attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

1) appear as specified; and

2) furnish the records; or

3) object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless executed from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated: May 31, 2023

BRITTANY QUINTANA, ESQ.
For the Court

By:     */s/ Brittany Quintana Marti*
Brittany Quintana Marti, Esq.
Florida Bar No. 98746

**Quintana Law, PA**
*Attorney for Plaintiff*
237 S. Dixie Highway
Floor 4, Suite 426
Coral Gables, Florida 33133
Telephone: (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

## DEFINITIONS AND INSTRUCTIONS

A.   "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B.   "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C.   Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D.   Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E.   Locations on which electronic data may be found include, but are not limited to:

    a)   Individual computers;
    b)   Laptops;
    c)   Data bases;
    e)   E-mails;
    f)   Servers;
    g)   Home computers;
    h)   Archives;

      i)      Networks;

      j)      Computer systems, including legacy systems;

      k)      Backup tapes; and

      l)      Internet data.

F.      "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G.      If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:

      (a)  identify the privilege claimed;

      (b)  state the date the document was prepared;

      (c)  state the author and recipient(s) of the document; and

      (d)  state the general subject matter of the document.

H.      The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive.  All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter.  In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

I.      The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J.      The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K.      As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L.      "Any" shall include the word "all" and the word "all" shall include the word "any."

M.      "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

N.      The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

**[EXHIBIT "A" ON FOLLOWING PAGE]**
**EXHIBIT "A"**

1.      All documents reviewed in preparation for this deposition.

2.      All documents relating to, referring to or regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135 (hereinafter the "Property").

3.      Your complete file(s), cover to cover, regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135; CLAIM NO: 142102390/JTA5002577, including, without limitation, all communications between you and Defendant or anyone else regarding this property, and all photographs, videos, drawings, or other depiction or images taken of or depicting the subject Property.

4.      Copies of all documentation, images, programs and/or files that you reviewed prior to finalizing your report generated in connection with the subject Property, CLAIM NO: 142102390/JTA5002577.

5.      All drafts/versions of your report generated in connection with the subject Property, CLAIM NO: 142102390/JTA5002577.

6.      Copies of any engagement letters, contracts, agreements, assignments or emails requesting services be performed by you relating to the property located at the Subject Property.

7.      Time records, billings and payment records for any services performed by you or your company at the request of Defendant or anyone else regarding the property located at the subject Property.

8.      All documents, photographs, handwritten notes generated in connection with your inspection of the subject Property.

9.      Any reports, estimates or material prepared or authored by you or your company regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135.

10.     All materials supplied to you by Defendant or anyone else regarding the property located at 2010 SW 6th Street, Unit 2, Miami, Florida 33135.

11.     Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff(s) regarding the loss at the insured property.

12.     The complete file maintained by you including but not limited to:

A)      All letters, memoranda, and other forms of written or computerized communications to, or from any employee of Defendant that concern, refer, or

relate in any way to the adjusting, processing, evaluating or handling of the claim at issue in this action.

B)      All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and any employee, representative or agent of Plaintiff(s), or their representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)      All written or computerized communications and written or computerized record of oral communications, whether in person or by telephone, to or from you and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

F)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and Plaintiff(s) or their representatives or agents that concern, refer, or relate in any way to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

G)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff(s)' claim.

H)      All activity logs, diaries, claim notes or logs created by you in connection with the claim at issue in this action.

I)      The file folders in which the preceding documents are kept.

J)      All reports and correspondence.

K)      Tapes - video and audio.

L)      Photographs and original negatives.

13.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff(s), and their claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

14.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning all losses to the subject Property prior to the date of loss set forth in the Complaint, and all files relating to Plaintiff(s), and her prior claim(s) for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

15.     Copies of all correspondence, notices, reports or other communications between you and/or Defendant's representatives and Plaintiff(s) and their representatives regarding the loss at the insured property.

16.     Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

17.     Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff(s)' insurance claim and the coverage and payment decisions made on Plaintiff(s)' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff(s), the methods of computation used by you in arriving at  valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

18.     Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

19.     Your current *curriculum vitae*.

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING

PLEASE TAKE NOTICE that the undersigned has cancelled a hearing before the Honorable Lourdes Simon, at the Miami Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130, on **June 13, 2023 at 9:00 a.m**., for the following:

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES NO. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 AND 13

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Florida Rule of Judicial Administration 2.516, a true and correct copy of the above and foregoing was served via e-mail on June 12, 2023 to David B. Levin, Esq., Kirstin Grice, Esq., and Helbert A. Canales-Rojas, Esq., via email at dlevin@bakerdonelson.com, kgrice@bakerdonelson.com, mymarks@bakerdonelson.com and hcanalesrojas@bakerdonelson.com.

**QUINTANA LAW, PA**
*Attorneys for Plaintiffs*
237 S. Dixie Highway
Suite 426
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By:    */s/Brittany Quintana Marti*
        Brittany Quintana Marti, Esq.
        Fla. Bar No. 98746

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

J'CAM INVESTMENTS LLC,

       Plaintiff,                                         Case No. 2023-001067-CA-01

v.

GREAT LAKES INSURANCE SE,

       Defendant.

_____ /

## NOTICE OF SERVICE OF DISCOVERY REQUESTS

Defendant, GREAT LAKES INSURANCE SE ("Great Lakes"), gives notice of having

served the following discovery requests on counsel for Plaintiff on June 12, 2023:

      a.   Great Lakes' First Interrogatories to Plaintiff;

      b.   Great Lakes' First Request for Production to Plaintiff.

Submitted this June 14, 2023.

                                      **BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Counsel for Defendant

                                      By:     _/s/ Helbert A. Canales-Rojas_
                                          David B. Levin
                                          Florida Bar No.: 26394
                                          dlevin@bakerdonelson.com
                                          Helbert A. Canales-Rojas
                                          Florida Bar No.: 1019986
                                          hcanalesrojas@bakerdonelson.com

1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 14, 2023, a true copy of the foregoing Notice of Service of

Discovery Requests has been filed with the Clerk of the Court using the Florida Courts E-Filing

Portal, which will serve a copy via electronic mail on:

> Brittany Quintana Marti, Esq.
> Quintana Law, PA
> 237 S. Dixie Highway
> Coral Gables, Florida 33133
> bquintana@quintanalawpa.com
> paralegal@quintanalawpa.com
> Attorney for Plaintiff

*/s/ Helbert A. Canales-Rojas*

2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

## NOTICE OF TAKING DEPOSITION *DUCES TECUM*

PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of:

| | |
|---|---|
| **DEPONENT:** | **Any and all witnesses designated as Defendant's Corporate Representative regarding the topics and subjects listed on Schedule "A" and documents listed on Schedule "B"** |
| **DATE AND TIME:** | **September 6, 2023 at 2:00 p.m.** |
| **LOCATION:** | **Join Zoom Meeting** |
| | **https://us02web.zoom.us/j/3521936170?pwd=dHNZdmdUZjZk Z2N1REpqNzVMc1BoZz09** |
| | **Meeting ID: 352 193 6170** |
| | **Passcode: coastal** |

Said deposition will be taken upon oral examination before Coastal Reporting, a Notary Public or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is

**QUINTANA LAW, PA**

being taken for the purpose of discovery, for use at trial or for such other purposes as are permitted under the Rules of Court.

Further, the person designated by the Defendant as the corporate representative to testify on its behalf shall testify on all matters known or reasonably available to the Defendant of the subject matters described in Schedule "A" and the documents listed in Schedule "B". The deponent will be asked to testify on behalf of the Defendant and will testify vicariously for the Defendant while providing complete and binding answers on behalf of the Defendant.

If the deponent must designate different persons to testify on behalf of the corporation for different topics listed on Schedule "A", Defendant shall immediately inform the Plaintiff so that arrangements may be made to arrange for multiple depositions. Otherwise, it is presumed that the designated corporate representative has the knowledge and ability to testify and bind the Defendant regarding the topics listed on Schedule "A" and as to documents listed on Schedule "B".

To expedite the deposition of Defendant's corporate representative(s), Plaintiff's counsel requests that the requested documents listed in Schedule "B" be produced at least ten (10) days before the date of the scheduled deposition to allow the parties to conduct the deposition quickly and efficiently, to resolve all disputes regarding documents prior to the deposition, and eliminate the need for multiple depositions of the Defendant's corporate representative.

Further, to the extent that Defendant intends to assert any privilege or asserts confidentiality related to the requested documents, the deponent is directed to bring the documents at issue to the deposition to be able to review them and fully and completely answer all of Plaintiff's questions. This will not constitute a waiver of the asserted privilege. However, a privilege log, in accordance with Florida Rule of Civil Procedure 1.280(b)(6), may be produced

**QUINTANA LAW, PA**

in lieu of the allegedly privileged documentation prior to and during the deposition of Defendant's corporate representative.

If Defendant fails to comply with this request, Plaintiff will seek all remedies available under Florida law, including sanctions.

## DEFINITIONS AND INSTRUCTIONS

A.    "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B.    "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C.    Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D.    Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E.    Locations on which electronic data may be found include, but are not limited to:

    a)    Individual computers;
    b)    Laptops;
    c)    Data bases;
    e)    E-mails;
    f)    Servers;
    g)    Home computers;

3

**QUINTANA LAW, PA**

h)      Archives;
i)      Networks;
j)      Computer systems, including legacy systems;
k)      Backup tapes; and
l)      Internet data.

F.      "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G.      If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:
(a)  identify the privilege claimed;
(b)  state the date the document was prepared;
(c)  state the author and recipient(s) of the document; and
(d)  state the general subject matter of the document.

H.      The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive. All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter. In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

I.      The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J.      The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K.      As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L.      "Any" shall include the word "all" and the word "all" shall include the word "any."

M.      "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

N.      The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

**[SCHEDULE "A" ON NEXT PAGE]**

**QUINTANA LAW, PA**

**SCHEDULE "A"**
**MATTERS UPON WHICH EXAMINATION WILL BE CONDUCTED**

1.      All communications, in any form, by and between Plaintiff(s) and Defendant, including its respective employees, agents, and representatives. This request includes correspondence, e- mails, letters, memoranda, notes, telephone messages, recorded conversations, statements, and any other documents or materials that are, or reflect, communications by and between Plaintiff(s) and Defendant.

2.      All communications, in any form, by and between any third parties and Defendant, including its respective employees, agents, and representatives, related in any way to the subject loss. This request includes correspondence, e-mails, letters, memoranda, notes, telephone messages, recorded conversations, statements, and any other documents or materials that are, or reflect, communications by and between Defendant and any third parties.

3.      All actions taken by Defendant, including its respective employees, agents, and representatives, to investigate or otherwise handle the subject loss, emergency services and/or repairs to the subject property that is the subject matter of the Complaint.

4.      All inspections or examinations of the subject property conducted by Defendant, including its respective employees, agents, independent contractors, and representatives, with regard to the subject loss that is the subject matter of the Complaint.

5.      All payments, formal or informal, that Defendant, including its respective employees, agents, and representatives, has made or offered to Plaintiff(s) or any third party with regard to the subject loss that is the subject matter of the Complaint.

6.      All actions taken by Defendant, including its respective employees, agents, and representatives, to determine the valuation of the damages sustained by the subject property as a result of the loss that is the subject matter of the Complaint, and/or to determine, establish, and/or inform Plaintiff of the coverage available under the insurance policy at issue in this action.

7.      Defendant's Affirmative Defenses and applicable policy language supporting Defendant's denial of Plaintiff's Claim.

**[SCHEDULE "B" ON NEXT PAGE]**

**QUINTANA LAW, PA**

**SCHEDULE "B"**
***DOCUMENTS TO BE PRODUCED***

Said deponent is to have with him or her at the above-indicated time and place the following:

1.      All documents reviewed in preparation for this deposition.

2.      The complete file maintained by you including but not limited to:

A)      All letters, memoranda, and other forms of written or computerized communications, inclusive of metadata, for each correspondence, to, or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, or handling of the claim at issue in this action, inclusive but not limited to all of the correspondence generated by Defendant in response to requests by Plaintiff's public adjuster to reopen the subject claim.

B)      All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of Defendant and Plaintiff(s), or their representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)      All written or computerized records of any investigation or adjustment activities by Defendant and its adjusters, from the date of loss through the earlier date of this lawsuit or the date litigation was first anticipated by Defendant with regard to the subject claim.

F)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiffs' claim.

G)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff(s)

**QUINTANA LAW, PA**

and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision by any employee of Defendant to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

H)     All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff(s)' claim.

I)     All activity logs, diaries, claim notes or logs created by any adjuster, claim representative, manager, or supervisor of Defendant or third party adjusters during the adjustment of Plaintiff(s)' claim up until the date of this lawsuit or the date Defendant reasonably anticipated litigation in connection with the claim at issue in this action.

J)     The file folders in which the preceding documents are kept.

K)     All reports and correspondence.

L)     Tapes - video and audio.

M)     Photographs and original negatives.

3.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff(s), and their claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

4.     Copies of any photographs and inspection reports of the insured property before the date of loss.

5.     Copies of any photographs, inspection reports and estimates of damages of the insured property after the date of loss.

6.     Any and all photographs and inspection reports, aerial views of the property, appraisal reports, roof and plumbing reports of the insured property received by the insurance carrier before and after the date of loss.

7.      Copies of all correspondence, notices, reports or other communications between you and/or Defendant's representatives and Plaintiff(s) and their representatives and/or any other third party regarding the loss at the insured property.

**QUINTANA LAW, PA**

8.      Copies of all letters from Defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

9.      Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff(s) regarding the loss at the insured property.

10.     Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

11.     Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff(s)' insurance claim and the coverage and payment decisions made on Plaintiffs' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff(s), the methods of computation used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

12.     Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

13.     Defendant's Privilege Log prepared pursuant to Florida Rule of Civil Procedure 1.280(b)(6) identifying with particularity any and all documents withheld from Defendant's response to the preceding paragraphs as privileged, confidential, or otherwise protected from discovery.

**[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]**

**QUINTANA LAW, PA**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Florida Rule of Judicial Administration 2.516, a true and correct copy of the above and foregoing was served via e-mail on July 10, 2023 to David B. Levin, Esq., Kirstin Grice, Esq., and Helbert A. Canales-Rojas, Esq., via email at dlevin@bakerdonelson.com, kgrice@bakerdonelson.com, mymarks@bakerdonelson.com and hcanalesrojas@bakerdonelson.com.

**QUINTANA LAW, PA**
*Attorneys for Plaintiffs*
237 S. Dixie Highway
Suite 449
Coral Gables, Florida 33133
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By:   */s/Brittany Quintana Marti*
      Brittany Quintana Marti, Esq.
      Fla. Bar No. 98746

Case 1:23-cv-22626-RAR   Document 1-2   Entered on FLSD Docket 07/14/2023   Page 111 of 112

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2023-001067-CA-01

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

## **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S FIRST SET OF DISCOVERY**

The Plaintiff, J'CAM INVESTMENTS LLC ("Plaintiff"), through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.090, hereby move this Court for the entry of an order providing an extension of time to respond to Defendant's, GREAT LAKES INSURANCE SE, First Interrogatories to Plaintiff and First Request for Production to Plaintiff, and in support thereof, state as follows:

1.     The subject lawsuit involves Defendant's breach of a homeowner's insurance policy.

2.     The Defendant served its First Interrogatories to Plaintiff and First Request for Production to Plaintiff, on the undersigned on or about June 12, 2023.

3.     Plaintiff requires an additional thirty (30) days to respond to Defendant's discovery requests.

**QUINTANA LAW, PA**

4.      This Motion is not being filed for the purpose of delay and will not prejudice any party.

**WHEREFORE**, Plaintiff, J'CAM INVESTMENTS LLC, respectfully requests that this Court enters an order providing the Plaintiff an extension of time to respond to Defendant's First Interrogatories to Plaintiff and First Request for Production to Plaintiff, as well as all further relief this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that pursuant to Florida Rule of Judicial Administration 2.516, a true and correct copy of the above and foregoing was served via e-mail on July 12, 2023 to David B. Levin, Esq., Kirstin Grice, Esq., and Helbert A. Canales-Rojas, Esq., via email at dlevin@bakerdonelson.com, kgrice@bakerdonelson.com, mymarks@bakerdonelson.com and hcanalesrojas@bakerdonelson.com.

> **QUINTANA LAW, PA**
> *Attorneys for Plaintiffs*
> 237 S. Dixie Highway
> Suite 426
> Coral Gables, Florida 33133
> Tel. (305) 376-0821
> Primary Email: bquintana@quintanalawpa.com
> Secondary Email: paralegal@quintanalawpa.com
>
> By:      */s/Brittany Quintana Marti*
>           Brittany Quintana Marti, Esq.
>           Fla. Bar No. 98746

2

**QUINTANA LAW, PA**