UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-CV-22626-RAR
23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

       Plaintiff,

v.

GREAT LAKES INSURANCE SE,

       Defendant.

      /

## DEFENDANT'S NOTICE OF DISCOVERY HEARING
## BEFORE MAGISTRATE JUDGE BECERRA

Please take notice that Defendant, GREAT LAKES INSURANCE SE ("Great Lakes"), will call up for hearing the Parties' discovery dispute regarding: (i) Plaintiff's Rule 26 Initial Disclosures; (ii) the timing and sequencing of fact depositions; and (iii) Defendant Great Lakes' Notice of Objection to Plaintiff's Notice of Videotaped Deposition Duces Tecum and Subpoena Directed to Patrick Stein. The hearing will take place in person on **Tuesday, February 13, 2024, at 1:30 p.m.**, before the Honorable Magistrate Judge Jacqueline Becerra at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, 10th floor, Miami, Florida 33132.

Pursuant to Judge Becerra's Discovery Procedures, attached to this Notice of Discovery Hearing are the following exhibits:

- **Exhibit A**: Defendant Great Lakes' Proposed Order

- **Exhibit B**: Source Materials Relevant to Discovery Dispute

- **Exhibit C:** Plaintiff's Supporting Materials (N/A)

- **Exhibit D:** Defendant Great Lakes' Notice of Authorities

Submitted: February 9, 2024.

By:   */s/ Helbert A. Canales-Rojas*
David B. Levin
Florida Bar No.: 26394
dlevin@bakerdonelson.com
Helbert A. Canales-Rojas
Florida Bar No.: 1019986
hcanalesrojas@bakerdonelson.com
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
200 E. Broward Blvd., Ste. 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2024, I filed a copy of this Notice of Discovery

Hearing electronically via CM/ECF, which contemporaneously provides a copy by electronic mail

to all parties/attorneys on the service list for this matter, including but not limited to the following:

| | |
|---|---|
| Brittany Quintana Marti, Esq. | Ryan C. Tyler |
| Quintana Law, P.A. | Untiedt Dabdoub & Tyler, PLLC |
| 237 S. Dixie Highway, Suite 426 | 1600 Ponce de Leon Blvd., Tenth Floor |
| Coral Gables, Florida 33133 | Coral Gables, Florida 33134 |
| brittany@quintanalawpa.com | ryan@udtlegal.com |
| paralegal@quintanalawpa.com | eservice@udtlegal.com |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |

*/s/ Helbert A. Canales-Rojas*

## CERTIFICATE OF GOOD FAITH CONFERRAL
## PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I conferred with all parties or non-

parties who may be affected by the relief sought in a good faith effort to resolve the issues but have

been unable to resolve the issues.

*/s/ Helbert A. Canales-Rojas*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-CV-22626-RAR
23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.

_____/

## [PROPOSED] ORDER ON DISCOVERY HEARING

THIS MATTER is before the Court on the following discovery items: (i) Defendant Great Lakes Insurance SE's ("Great Lakes") Motion to Compel Plaintiff's Compliant Rule 26 Disclosures; (ii) Great Lakes' Motion to Determine Timing and Sequence of Fact Depositions; and (iii) Great Lakes' Notice of Objection to Plaintiff's Notice of Videotaped Deposition Duces Tecum and Subpoena Directed to Patrick Stein ("Great Lakes' Objection to Patrick Stein's Deposition of March 19, 2024"). The Court, having heard the argument of the Parties on the foregoing discovery items and being fully advised in the premises, hereby,

**ORDERS and ADJUDGES**:

1.    Defendant Great Lakes' Motion to Compel Plaintiff's Compliant Rule 26 Disclosures is **GRANTED**.

2.    Plaintiff shall serve Defendant Great Lakes with compliant Rule 26(a)(1) disclosures within five (5) calendar days of the date of this Order.

3.    Defendant Great Lakes' Motion to Determine Timing and Sequence of Fact Depositions is **GRANTED**.

4.      Plaintiff and Plaintiff's agents, contractors, or representatives' depositions ("Plaintiff's Depositions") shall occur prior to any of Defendant or Defendant's agents, contractors, or representative's depositions ("Defendant's Depositions"). Within ten (10) calendar days of the date of this Order, the Parties shall coordinate deposition dates for Plaintiff's Depositions to occur within sixty (60) days of the date of this Order. Within ten (10) calendar days of the date of this Order, the Parties shall also coordinate deposition dates for Defendant's Depositions to occur following all of Plaintiff's Depositions and within ninety (90) days of the date of this Order.

5.      In view of this Court's ruling on Defendant Great Lakes' Motion to Determine Timing and Sequence of Fact Depositions, Defendant Great Lakes' Objection to Patrick Stein's Deposition of March 19, 2024, is **SUSTAINED**.

6.      Pursuant to Rules 26 and 37, Defendant Great Lakes is entitled to its reasonable attorney's fees and costs incurred in connection with bringing the foregoing discovery items before the Court. The Court orders the Parties to confer regarding Defendant Great Lakes' reasonable attorney's fees and costs in a good faith attempt to reach an agreement as to the amount that Plaintiff shall be liable to Defendant Great Lakes. If the Parties cannot reach an agreement, the Court reserves jurisdiction to hear a later Motion to Determine the Amount of Great Lakes' Reasonable Attorney's fees and Costs incurred in connection with brining the foregoing discovery items before the Court.

Dated: _____.


_____
JACQUELINE BECERRA
United States Magistrate Judge

# EXHIBIT B

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 23-CV-22626-RA
CASE NO. 23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

**Plaintiff's Initial Rule 26 Disclosure**

Plaintiff J'Cam Investments LLC serves the following disclosures in accordance with

Federal Rule of Civil Procedure 26.

**Witnesses**
*(per Rule 26(a)(1)(A)(i))*

| **Name** | **Contact Information** | **Subject Matter of Discoverable Information** |
|---|---|---|
| Helen Borges | *c/o Quintana Law, P.A.:*<br><br>7915 SW 17 Terrace<br>Miami, FL 33155<br><br>(305) 376-0821 | Corporate representative for Plaintiff; has knowledge of extent of property damage. |
| Leda Armenteros | *Current Address Unknown*<br><br>*Last Known Number:*<br>(786) 370-4325 | Renter for Unit 1 in 2021; had knowledge of extent of property damage. |
| Kevin Largaespada | *Current Address Unknown*<br><br>*Last Known Number:*<br>(786) 370-4325 | Renter for Unit 1 in 2021; had knowledge of extent of property damage. |

| Rubidia Cabeza Hernandez | 2010 SW 6th Street, Unit 3 Miami, Florida 33135  *(786) 333-8043* | Renter for Unit 3; had knowledge of extent of property damage. |
|---|---|---|
| Christina Paige | *Last Known Address:* 2010 SW 6th Street, Unit 2 Miami, Florida 33135  *Telephone Number: Unknown* | Prior Renter for Unit 2 |
| Patrick Stein | *Current Address Unknown*  *Telephone Number Unknown* | Desk Adjuster / Field Adjuster for Great Lakes Insurance SE; has knowledge of extent of property damage. |
| Tony Quintana  Southern Public Adjusters | 8585 SW 72nd St., #105 Miami, FL 33173  (305) 234-8243 | Public adjuster for Plaintiff; has knowledge of extent of property damage. |
| Alexander Rodriguez (Claim the Max) | 8554 SW 8th Street Miami, FL 33144  (786) 547-9410 | Original public adjuster for Plaintiff. |
| Andre Slintak, PE MKA International, Inc. | 7100 W Camino Real, #405 Boca Raton, FL 33433  (954) 759-6968 | Performed inspection of units on behalf of Great Lakes Insurance SE; has knowledge of extent of property damage. |
| At Quality Plumbing Inc. *(corporate representative / records custodian)* | 6055 W 19th Ave #320 Hialeah, FL 33012  (786) 258-4564 | Company replaced trench cast iron sanitary drainage system to PVC through Unit 1, Unit 2, and Unit 3; has knowledge of extent of property damage. |
| Joe Cole Plumbing Corp. *(corporate representative / records custodian)* | 10392 W State Road 84 Suite 108 Davie, FL 33314  (954) 472-2242 | Company performed camera inspection of the drain system below grade with report of findings through Unit 1, Unit 2, and Unit 3; has knowledge of extent of property damage. |

| | | |
|---|---|---|
| Vincent Ferrara<br>Joe Cole Plumbing Corp. | 10392 W State Road 84<br>Suite 108<br>Davie, FL 33314<br><br>(954) 472-2242 | Performed camera inspection of the drain system below grade with report of findings through Unit 1, Unit 2, and Unit 3; has knowledge of cause and origin and extent of property damage. |
| Floor & Decor<br>*(corporate representative / records custodian)* | 8295 SW 124th Ave<br>Miami, FL 33183<br><br>(786) 635-0216 | Company repaired Flooring for Unit 1, Unit 2, and Unit 3; has knowledge of extent of property damage. |
| Florida Home and Commercial Services<br>*(corporate representative / records custodian)* | 4241 SW 104 Court<br>Miami, FL 33165<br><br>(305) 967-9175 | Performed plumbing repairs for Unit 3; has knowledge of extent of property damage. |
| All 4 One Construction & Plumbing Inc.<br>*(corporate representative / records custodian)* | 10795 NW 53rd Street<br>Sunrise, FL 33351<br><br>(888) 943-1453 | Performed camera inspection; conducted down multiple vent stacks downstream; has knowledge of cause and origin and extent of damage. |
| Indoor Environmental Restorations Now Inc.<br>*(corporate representative / records custodian)* | 4224 S Red Road<br>Miami, FL 33155<br><br>(305) 927-8370 | Performed affected material removal in Unit 2; has knowledge of extent of damage. |
| Great Lakes Insurance SE<br>*(corporate representative / records custodian)* | c/o Defense Counsel | Factual basis for affirmative defenses; claims handling; coverage determinations; and damage calculations. |
| Home Depot<br>*(records custodian)* | 2455 Paces Ferry Road<br>Building C-20<br>Atlanta, GA 30339<br><br>(770) 384-4646 | Authenticate receipts for repairs to property. |

**Documents and ESI**
*(per Rule 26(a)(1)(A)(ii))*

3

1. Insurance Policy No. JTA5002577.
2. Public Adjuster Report for Unit 1.
3. Public Adjuster Report for Unit 2.
4. Public Adjuster Report for Unit 3.
5. Presuit claims correspondence between parties.
6. Receipts, invoices, cancelled checks and estimates for repairs.
7. Leases in connection with business interruption claim for Units 1, 2 and 3.
8. Expert Reports.

## Damages Calculations
*(per Rule 26(a)(1)(A)(iii))*

Plaintiff estimates that they will seek damages calculated as follows:

1. RCV for property damage to Unit 1: $75,848.09

2. RCV for property damage to Unit 2: $30,000 in underpaid benefits

3. RCV for property damage to Unit 3: $72,242.43

4. Mitigation and Repairs: $1,230.00 (temporary plumbing expenses and camera inspection cost)

5. Business Interruption Damages for Unit 1: $30,000 (policy limits)

6. Business Interruption Damages for Unit 2: $30,000 (policy limits)

7. Business Interruption Damages for Unit 3: $30,000 (policy limits)

Please note that: (1) these amounts do not include prejudgment interest or attorney's fees and costs, which Plaintiff is legally entitled to recover in this matter; and (2) these damages calculations are *estimates* and therefore may change as discovery is ongoing. Plaintiff will supplement this disclosure if there are any modifications to the damages calculations.

## Insurance Agreement
*(per Rule 26(a)(1)(A)(iv))*

Insurance Policy No.: JTA5002577.

Dated: January 5, 2024.                    Respectfully submitted,

                                           **QUINTANA LAW, P.A.**
                                           237 S. Dixie Highway, Suite 426
                                           Coral Gables, Florida 33133
                                           Telephone: (305) 376-0821
                                           bquintana@quintanalawpa.com
                                           paralegal@quintanalawpa.com
                                           *Counsel for Plaintiff*

                                           By:  /s/ Brittany Quintana Marti
                                                BRITTANY L. QUINTANA MARTI
                                                Florida Bar No. 98746

## CERTIFICATE OF SERVICE

**I hereby certify** that I served the foregoing via email on all counsel of record as identified

on the below service on January 5, 2024, pursuant to Federal Rule of Civil Procedure 26 and Local

Rules 5.2 and 26.1.

  By:  /s/ Brittany Quintana Marti
       BRITTANY L. QUINTANA MARTI
       Florida Bar No. 98746

## SERVICE LIST

| Helbert A. Canales-Rojas | Ryan C. Tyler |
|---|---|
| Kirstin Marie Grice | **UNTIEDT DABDOUB & TYLER**, PLLC |
| David Brian Levin | 1600 Ponce de Leon Blvd, Tenth Floor |
| **BAKER, DONELSON, BEARMAN,** | Coral Gables, Florida 33134 |
| **CALDWELL & BERKOWITZ, PC** | Telephone: (305) 330-2397 |
| 1 Financial Plaza, Suite 1620 | ryan@udtlegal.com |
| Fort Lauderdale, Florida 33394 | eservice@udtlegal.com |
| Telephone: (954) 768-1600 | *Co-Counsel for Plaintiff* |
| dlevin@bakerdonelson.com | |
| hcanalesrojas@bakerdonelson.com | |
| *Counsel for Defendant* | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-CV-22626-RAR
23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

        Plaintiff,

v.

GREAT LAKES INSURANCE SE,

        Defendant.

_____/

**GREAT LAKES INSURANCE SE'S NOTICE OF OBJECTION TO
PLAINTIFF'S NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM
AND SUBPOENA DIRECTED TO PATRICK STEIN**

        Defendant, GREAT LAKES INSURANCE SE ("Great Lakes"), pursuant to the Discovery Procedures for Magistrate Judge Jacqueline Becerra, Section III(G), serves this objection to Plaintiff's "Notice [*sic*] Videotaped Deposition *Duces Tecum*" and "Subpoena to Testify at a Deposition in a Civil Action" directed to Patrick Stein both dated January 31, 2024. Specifically, Great Lakes objects to the timing of Patrick Stein's deposition and moves for a protective order to prevent the deposition from proceeding on the date currently noticed.

[SIGNATURE AND CERTIFICATE OF SERVICE TO FOLLOW]

1

Dated: February 5, 2024.

> **BAKER, DONELSON, BEARMAN,**
> **CALDWELL & BERKOWITZ, PC**
> 200 East Broward Blvd., Suite 2000
> Fort Lauderdale, FL 33301
> Telephone: (954) 768-1600
> Counsel for Defendant Great Lakes
>
> By:      */s/ Helbert A. Canales-Rojas*
> David B. Levin
> Florida Bar No.: 26394
> dlevin@bakerdonelson.com
> Helbert A. Canales-Rojas
> Florida Bar No.: 1019986
> hcanalesrojas@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I served a copy of the forgoing Notice of Objection via email to:

| | |
|---|---|
| Brittany Quintana Marti, Esq. | Ryan C. Tyler |
| Quintana Law, P.A. | Untiedt Dabdoub & Tyler, PLLC |
| 237 S. Dixie Highway, Suite 426 | 1600 Ponce de Leon Blvd., Tenth Floor |
| Coral Gables, Florida 33133 | Coral Gables, Florida 33134 |
| brittany@quintanalawpa.com | ryan@udtlegal.com |
| paralegal@quintanalawpa.com | eservice@udtlegal.com |
| brigitte@quintanalawpa.com | Co-Counsel for Plaintiff |
| scheduling@quintanalawpa.com | |
| Attorneys for Plaintiff | |

*/s/ Helbert A. Canales-Rojas*

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 23-CV-22626-RA
CASE NO. 23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

        Plaintiff,

v.

GREAT LAKES INSURANCE SE,

        Defendant.

_____/

**<u>NOTICE VIDEOTAPED DEPOSITION</u>** ***DUCES TECUM***

        Plaintiff gives notice, pursuant to Federal Rules of Civil Procedure 30 and 45, and Local

Rule 26.1(h), of taking a videotaped deposition *duces tecum* as follows:

| | |
|---|---|
| **NAME:** | **Patrick Stein** |
| **DATE AND TIME:** | **March 19, 2024 at 10:30 a.m.** |
| **LOCATION:** | **Join Zoom Meeting** |
| | **https://us02web.zoom.us/j/3521936170?pwd=dHNZdmdUZjZk** |
| | **Z2N1REpqNzVMc1BoZz09&omn=83063355356** |
| | **Meeting ID: 352 193 6170** |
| | **Passcode: coastal** |

        The videotaped deposition will be taken upon oral examination before Coastal Reporting,

a Notary Public or any other Notary Public or officer authorized by law to take depositions in the

State of Florida.  The oral examination will continue from day to day until completed.  The

deposition is being taken for the purpose of discovery, for the use at trial or for such other purposes

as are permitted under the Rules of Court. The deponent shall bring copies of all documents

identified in Exhibit "A" to this notice at the time of the deposition.

**QUINTANA LAW, PA**

*In accordance with the Americans with Disabilities Act of 1990, persons who are disabled, and who need a special accommodation to participate in this proceeding because of that disability, should contact this court division at (305) 831-7823 not later than five business days prior to the proceeding.  The TDD line for the hearing impaired is (305) 831-8288.*

## DEFINITIONS AND INSTRUCTIONS
## FOR *DUCES TECUM* DOCUMENT REQUESTS

A.    "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B.    "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C.    Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D.    Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E.    Locations on which electronic data may be found include, but are not limited to:

    a)    Individual computers;

b)  Laptops;
c)  Data bases;
e)  E-mails;
f)   Servers;
g)  Home computers;
h)  Archives;
i)   Networks;
j)   Computer systems, including legacy systems;
k)  Backup tapes; and
l)   Internet data.

F. "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G. If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:

(a) identify the privilege claimed;
(b) state the date the document was prepared;
(c) state the author and recipient(s) of the document; and
(d) state the general subject matter of the document.

H. The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive.  All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter.  In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

I. The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J. The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K. As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L. "Any" shall include the word "all" and the word "all" shall include the word "any."

**QUINTANA LAW, PA**

M.   "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

N.   The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

**[EXHIBIT "A" ON FOLLOWING PAGE]**

## EXHIBIT "A" --- *Duces Tecum* Document Requests

1.      All documents reviewed in preparation for this deposition.

2.      All documents relating to, referring to or regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135 (hereinafter the "Property").

3.      Your complete file(s), cover to cover, regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135; CLAIMS NO: 142102390/JTA5002577, 154317 and 154316, including, without limitation, all communications between you and Defendant or anyone else regarding this property, and all photographs, videos, drawings, or other depiction or images taken of or depicting the subject Property.

4.      Copies of all documentation, images, programs and/or files that you reviewed prior to finalizing your report generated in connection with the subject Property, CLAIMS NO: 142102390/JTA5002577, 154317 and 154316.

5.      All drafts/versions of your report generated in connection with the subject Property, 142102390/JTA5002577, 154317 and 154316.

6.      Copies of any engagement letters, contracts, agreements, assignments or emails requesting services be performed by you relating to the property located at the Subject Property.

7.      Time records, billings and payment records for any services performed by you or your company at the request of Defendant or anyone else regarding the property located at the subject Property.

8.      All documents, photographs, handwritten notes generated in connection with your inspection of the subject Property.

9.      Any reports, estimates or material prepared or authored by you or your company regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135.

10.     All materials supplied to you by Defendant or anyone else regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135.

11.     Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff(s) regarding the loss at the insured property.

12.     The complete file maintained by you including but not limited to:

A)      All letters, memoranda, and other forms of written or computerized communications to, or from any employee of Defendant that concern, refer, or

relate in any way to the adjusting, processing, evaluating or handling of the claim at issue in this action.

B)    All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and any employee, representative or agent of Plaintiff(s), or their representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)    All written or computerized communications and written or computerized record of oral communications, whether in person or by telephone, to or from you and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

F)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and Plaintiff(s) or their representatives or agents that concern, refer, or relate in any way to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

G)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff(s)' claim.

H)    All activity logs, diaries, claim notes or logs created by you in connection with the claim at issue in this action.

I)    The file folders in which the preceding documents are kept.

J)    All reports and correspondence.

K)    Tapes - video and audio.

L)    Photographs and original negatives.

6

**QUINTANA LAW, PA**

13.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff(s), and their claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

14.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning all losses to the subject Property prior to the date of loss set forth in the Complaint, and all files relating to Plaintiff(s), and her prior claim(s) for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

15.     Copies of all correspondence, notices, reports or other communications between you and/or Defendant's representatives and Plaintiff(s) and their representatives regarding the loss at the insured property.

16.     Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

17.     Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff(s)' insurance claim and the coverage and payment decisions made on Plaintiff(s)' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff(s), the methods of computation used by you in arriving at  valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

18.     Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

19.     Your current *curriculum vitae*.

**[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]**

**QUINTANA LAW, PA**

## CERTIFICATE OF SERVICE

I certify that I served the foregoing via email on all counsel of record as identified on the

below service list on January 31, 2024, pursuant to Federal Rule of Civil Procedure 26 and Local

Rules 5.2 and 26.1, and that I am having this document personally served on the deponent pursuant

to Federal Rule of Civil Procedure 45.

By:  /s/ Brittany Quintana Marti
BRITTANY L. QUINTANA MARTI
Florida Bar No. 98746

## SERVICE LIST

Helbert A. Canales-Rojas
Kirstin Marie Grice
David Brian Levin
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
dlevin@bakerdonelson.com
hcanalesrojas@bakerdonelson.com
*Counsel for Defendant*

Ryan C. Tyler
**UNTIEDT DABDOUB & TYLER**, PLLC
1600 Ponce de Leon Blvd, Tenth Floor
Coral Gables, Florida 33134
Telephone: (305) 330-2397
ryan@udtlegal.com
eservice@udtlegal.com
*Co-Counsel for Plaintiff*

**QUINTANA LAW, PA**

Civil Action No. 23-CV-22626-RAR
23-CV-22630-RAR

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 23-CV-22626-RA
CASE NO. 23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

     Plaintiff,

v.

GREAT LAKES INSURANCE SE,

     Defendant.

_____/

**<u>SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION</u>**

THE STATE OF FLORIDA:

**To:**    **Patrick Stein
Johns Eastern Company
500 Winderley Place, Suite 106
Maitland, FL  32751**

     YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.

| | |
|---|---|
| **PLACE:** | **Join Zoom Meeting**<br>**https://us02web.zoom.us/j/3521936170?pwd=dHNZdmdUZjZkZ2**<br>**N1REpqNzVMc1BoZz09&omn=83063355356**<br>**Meeting ID: 352 193 6170**<br>**Passcode: coastal** |
| **DATE AND TIME:** | **March 19, 2024 at 10:30 a.m.** |

     The deposition will be **VIDEO RECORDED**.

Civil Action No. 23-CV-22626-RAR
                     23-CV-22630-RAR

You must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached <strong>SCHEDULE "A"</strong>

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so

Dated: January 31, 2024

BRITTANY QUINTANA, ESQ.
For the Court

By:     */s/ Brittany Quintana Marti*
        Brittany Quintana Marti, Esq.
        Florida Bar No. 98746

The name, address, e-mail address, and telephone number of the attorney representing the Plaintiff, J'CAM INVESTMENTS LLC, who issues or requests this subpoena are:

Brittany Quintana Marti
**Quintana Law, PA**
*Attorney for Plaintiff*
237 S. Dixie Highway
Floor 4, Suite 426
Coral Gables, Florida 33133
Telephone: (305) 376-0821
bquintana@quintanalawpa.com
paralegal@quintanalawpa.com
*Counsel for Plaintiff*

Ryan C. Tyler
**UNTIEDT DABDOUB & TYLER, PLLC**
1600 Ponce de Leon Blvd, Tenth Floor
Coral Gables, Florida 33134
Telephone: (305) 330-2397
ryan@udtlegal.com
eservice@udtlegal.com
*Co-Counsel for Plaintiff*

Civil Action No. 23-CV-22626-RAR
                   23-CV-22630-RAR

### SCHEDULE "A"

1.      All documents reviewed in preparation for this deposition.

2.      All documents relating to, referring to or regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135 (hereinafter the "Property").

3.      Your complete file(s), cover to cover, regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135; CLAIMS NO: 142102390/JTA5002577, 154317 and 154316, including, without limitation, all communications between you and Defendant or anyone else regarding this property, and all photographs, videos, drawings, or other depiction or images taken of or depicting the subject Property.

4.      Copies of all documentation, images, programs and/or files that you reviewed prior to finalizing your report generated in connection with the subject Property, CLAIMS NO: 142102390/JTA5002577, 154317 and 154316.

5.      All drafts/versions of your report generated in connection with the subject Property, 142102390/JTA5002577, 154317 and 154316.

6.      Copies of any engagement letters, contracts, agreements, assignments or emails requesting services be performed by you relating to the property located at the Subject Property.

7.      Time records, billings and payment records for any services performed by you or your company at the request of Defendant or anyone else regarding the property located at the subject Property.

8.      All documents, photographs, handwritten notes generated in connection with your inspection of the subject Property.

9.      Any reports, estimates or material prepared or authored by you or your company regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135.

10.     All materials supplied to you by Defendant or anyone else regarding the property located at 2010 SW 6th Street, Units 1, 2 and 3, Miami, Florida 33135.

11.     Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff(s) regarding the loss at the insured property.

12.     The complete file maintained by you including but not limited to:

A)      All letters, memoranda, and other forms of written or computerized communications to, or from any employee of Defendant that concern, refer, or

Civil Action No. 23-CV-22626-RAR
   23-CV-22630-RAR

relate in any way to the adjusting, processing, evaluating or handling of the claim at issue in this action.

B)  All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and any employee, representative or agent of Plaintiff(s), or their representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)  All written or computerized communications and written or computerized record of oral communications, whether in person or by telephone, to or from you and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

F)  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and Plaintiff(s) or their representatives or agents that concern, refer, or relate in any way to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

G)  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff(s)' claim.

H)  All activity logs, diaries, claim notes or logs created by you in connection with the claim at issue in this action.

I)  The file folders in which the preceding documents are kept.

J)  All reports and correspondence.

K)  Tapes - video and audio.

L)  Photographs and original negatives.

Civil Action No. 23-CV-22626-RAR
23-CV-22630-RAR

13.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff(s), and their claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

14.     Copies of all documentation of whatever kind or nature in your possession, custody or control concerning all losses to the subject Property prior to the date of loss set forth in the Complaint, and all files relating to Plaintiff(s), and her prior claim(s) for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

15.     Copies of all correspondence, notices, reports or other communications between you and/or Defendant's representatives and Plaintiff(s) and their representatives regarding the loss at the insured property.

16.     Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

17.     Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff(s)' insurance claim and the coverage and payment decisions made on Plaintiff(s)' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff(s), the methods of computation used by you in arriving at  valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

18.     Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

19.     Your current *curriculum vitae*.

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-CV-22626-RAR
23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

        Plaintiff,

v.

GREAT LAKES INSURANCE SE,

        Defendant.

_____ /

## DEFENDANT'S STATEMENT RE. PLAINTIFF'S SUPPORTING MATERIALS

      Great Lakes' counsel, Helbert Canales-Rojas, Esq. held a telephone conference with Plaintiff's counsel, Ryan Tyler, Esq., on Friday, February 9, 2024, to inquire about Plaintiff's supporting materials for use at the discovery hearing. During this conference, Plaintiff's counsel indicated that Plaintiff had no materials it intended to rely on at the discovery hearing other than emails between counsel, which are not permitted to be filed nor submitted to the Court in advance of the discovery hearing per its Discovery Procedures.

Submitted: February 9, 2024.

By:   */s/ Helbert A. Canales-Rojas*
      David B. Levin
      Florida Bar No.: 26394
      dlevin@bakerdonelson.com
      Helbert A. Canales-Rojas
      Florida Bar No.: 1019986
      hcanalesrojas@bakerdonelson.com
      Baker, Donelson, Bearman,
      Caldwell & Berkowitz, PC
      200 E. Broward Blvd., Ste. 2000
      Fort Lauderdale, Florida 33301
      Telephone: (954) 768-1600

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-CV-22626-RAR
23-CV-22630-RAR

J'CAM INVESTMENTS LLC,

   Plaintiff,

v.

GREAT LAKES INSURANCE SE,

   Defendant.

             /

## <u>DEFENDANT'S NOTICE OF AUTHORITIES</u>

  Defendant Great Lakes Insurance SE intends to rely on the following authorities at the discovery hearing:

- o **<u>Ex. D-1</u>**: Federal Rule of Civil Procedure 26

- o **<u>Ex. D-2</u>**: Federal Rule of Civil Procedure 37

- o **<u>Ex. D-3</u>**: *LCI Construction of South Florida, Inc. v. Compass Bank*, Case No. 12-62515-CIV-DIMITROULEAS/Snow, 2013 WL 12144066 at *1 (S.D. Fla. Jan. 16, 2013)

- o **<u>Ex. D-4:</u>** The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Administrative Order 2023-9-Civ, Circuit Civil First Party Property Loss Cases (Feb. 22, 2023, Chief Judge Tuter)

- o **<u>Ex. D-5</u>**: *Holder et. al v. Homeowners Choice Property & Casualty Ins. Co.,* Case No. 2019-004615-CA, Order Granting Motion to Determine Sequence of Depositions (Nov. 13, 2020, Judge Fishel, II)

- o **<u>Ex. D-6</u>**: *Hastings Chiro. Rehab, Inc. et. al v. Progressive Select Ins. Co.*, Case No. 2011-CC-1064, Order Granting in part and Denying in part Motion to Determine Sequence of Depositions (Oct. 18, 2011, Judge Jordan)

Submitted: February 9, 2024.

By: */s/ Helbert A. Canales-Rojas*
   David B. Levin
   Florida Bar No.: 26394
   dlevin@bakerdonelson.com
   Helbert A. Canales-Rojas
   Florida Bar No.: 1019986
   hcanalesrojas@bakerdonelson.com
   Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
   200 E. Broward Blvd., Ste. 2000
   Fort Lauderdale, Florida 33301
   Telephone: (954) 768-1600

# EXHIBIT D-1

United States Code Annotated
    Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
        Title V. Disclosures and Discovery (Refs & Annos)

Federal Rules of Civil Procedure Rule 26

Rule 26. Duty to Disclose; General Provisions Governing Discovery [Rule Text & Notes of Decisions subdivisions I, II]

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 26 are displayed in multiple documents. >

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(B)** *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

**(i)** an action for review on an administrative record;

**(ii)** a forfeiture action in rem arising from a federal statute;

**(iii)** a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

**(iv)** an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

**(v)** an action to enforce or quash an administrative summons or subpoena;

**(vi)** an action by the United States to recover benefit payments;

**(vii)** an action by the United States to collect on a student loan guaranteed by the United States;

**(viii)** a proceeding ancillary to a proceeding in another court; and

**(ix)** an action to enforce an arbitration award.

**(C)** *Time for Initial Disclosures--In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)** *Time for Initial Disclosures--For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially

employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the facts or data considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** *Supplementing the Disclosure*. The parties must supplement these disclosures when required under Rule 26(e).

**(3)** *Pretrial Disclosures.*

**(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

**(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made--except for one under Federal Rule of Evidence 402 or 403--is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)** *Trial Preparation: Materials.*

**(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

**(i)** a written statement that the person has signed or otherwise adopted or approved; or

**(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.*

**(A)** *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)** *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3) (A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

**(i)** relate to compensation for the expert's study or testimony;

**(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

**(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**(D)** *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

**(i)** as provided in Rule 35(b); or

**(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

**(E)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

**(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

**(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

**(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

## (c) Protective Orders.

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

**(d) Timing and Sequence of Discovery.**

**(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)** *Early Rule 34 Requests.*

**(A) Time to Deliver.** More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)** to that party by any other party, and

**(ii)** by that party to any plaintiff or to any other party that has been served.

**(B) When Considered Served.** The request is considered to have been served at the first Rule 26(f) conference.

**(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

**(2)** *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

**(1)** *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

**(2)** *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

**(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

**(A)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**(B)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**(C)** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**(D)** any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**(E)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(F)** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(4)** *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

**(A)** require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

**(B)** require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

**(1)** *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)** with respect to a discovery request, response, or objection, it is:

**(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)** *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 28, 2010, effective December 1, 2010; April 29, 2015, effective December 1, 2015.)

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Fed. Rules Civ. Proc. Rule 26, 28 U.S.C.A., FRCP Rule 26
Including Amendments Received Through 8-1-23

**End of Document**                                          © 2023 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D-2

---

United States Code Annotated
   Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
     Title V. Disclosures and Discovery (Refs & Annos)

Federal Rules of Civil Procedure Rule 37

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

Currentness

**(a) Motion for an Order Compelling Disclosure or Discovery.**

**(1)** ***In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

**(2)** ***Appropriate Court.*** A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

**(3)** ***Specific Motions.***

**(A)** *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

**(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

**(i)** a deponent fails to answer a question asked under Rule 30 or 31;

**(ii)** a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

**(iii)** a party fails to answer an interrogatory submitted under Rule 33; or

**(iv)** a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

**(C)** *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

---

**(4)** *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

**(5)** *Payment of Expenses; Protective Orders.*

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

**(B)** *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

**(b) Failure to Comply with a Court Order.**

**(1)** *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

**(2)** *Sanctions Sought in the District Where the Action Is Pending.*

**(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

**(B)** *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

**(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

**(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

**(B)** may inform the jury of the party's failure; and

**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

**(2)** *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

**(A)** the request was held objectionable under Rule 36(a);

**(B)** the admission sought was of no substantial importance;

**(C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

**(D)** there was other good reason for the failure to admit.

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

**(1)** *In General.*

**(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

**(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

**(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

**(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**(2)** *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

**(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

**(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

**(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

**(A)** presume that the lost information was unfavorable to the party;

**(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or

**(C)** dismiss the action or enter a default judgment.

**(f) Failure to Participate in Framing a Discovery Plan.** If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

**CREDIT(S)**

(Amended December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; amended by Pub.L. 96-481, Title II, § 205(a), October 21, 1980, 94 Stat. 2330, effective October 1, 1981; amended March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 16, 2013, effective December 1, 2013; April 29, 2015, effective December 1, 2015.)

Fed. Rules Civ. Proc. Rule 37, 28 U.S.C.A., FRCP Rule 37
Including Amendments Received Through 2-1-24

                                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.   5

# EXHIBIT D-3

2013 WL 12144066
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

LCI CONSTRUCTION OF
SOUTH FLORIDA, INC., Plaintiff,
v.
COMPASS BANK, Defendant.

CASE NO. 12-62515-CIV-DIMITROULEAS/Snow
|
Signed 01/16/2013

### Attorneys and Law Firms

Bruce E. Loren, Bruce E. Loren & Associates, Jocelyne Anne Tholl, Loren Law Firm, West Palm Beach, FL, for Plaintiff.

Michael Paul Woodbury, Margaret Annaliza Brenan Correoso, Michelle Diaz Cofino, Woodbury & Santiago, P.A., Miami, FL, for Defendant.

### <u>ORDER</u>

LURANA S. SNOW, UNITED STATES MAGISTRATE JUDGE

**\*1** THIS CAUSE is before the Court on Defendant's Motion for Relief from Pre-Removal Discovery (DE 8), which was referred to United States Magistrate Judge, Lurana S. Snow. The undersigned set an expedited briefing schedule requiring

a response from the Plaintiff to the motion on or before January 15, 2013. (DE 10) The Plaintiff has not filed a response to the motion as of the date of this Order. The Court could grant the motion by default for that reason alone.

It is also worth noting however, that upon removal the Federal Rules of Civil Procedure and the Local Rules of this District govern the parties. Fed.R.Civ.P. 26(d) prohibits parties from seeking discovery from any source prior to conferring as required by Rule 26(f). This Court's Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discover Report requires the parties to confer 15 calendar days after the filing of the first responsive pleading by the last responding defendant. (DE 4) The Defendant's answer to the Plaintiff's complaint is not yet due. Furthermore, discovery served in state court becomes null and ineffective upon removal. Wilson v. General Tavern Corporation, 2006 WL 290490 at \*1 (S.D. Fla. 2006) citing Riley v. Walgreen Co., 2005 WL 1635443 (S.D. Tex. 2005).

Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion for Relief from Pre-Removal Discovery (DE 8) is GRANTED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 16th day of January, 2013.

### All Citations

Not Reported in Fed. Supp., 2013 WL 12144066

---

**End of Document**
© 2023 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D-4

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

## *Administrative Order 2023-9-Civ*

### CIRCUIT CIVIL FIRST PARTY PROPERTY LOSS CASES
_____

(a)     Pursuant to Article V, section 2(d) of the Florida Constitution, and section 43.26, Florida Statutes, the chief judge of each judicial circuit is charged with the authority and the power to do everything necessary to promote the prompt and efficient administration of justice.

(b)     Florida Rule of General Practice and Judicial Administration 2.215(b)(3) states the chief judge "shall, considering available resources, ensure the efficient and proper administration of all courts within [this] circuit."

(c)     Florida Rule of Civil Procedure 1.200(c) requires a uniform order for pretrial conferences for the Circuit. The Circuit Civil division judges determined it is appropriate to utilize a uniform pretrial order specific to first party property loss cases (i.e., storm, hurricane, water loss, and plumbing cases).

(d)     In accordance with the authority vested in the Chief Judge by Article V, section 2(d) of the Florida Constitution, section 43.26, Florida Statutes, and Florida Rule of General Practice and Judicial Administration 2.215, it is hereby **ORDERED**:

(1)      All Circuit Civil cases involving first party property loss claims will use the attached "Uniform Trial Order for Circuit Civil First Party Property Loss Cases" attached to this Administrative Order as Attachment "A".  The Uniform Trial Order shall be posted on the website for the Seventeenth Judicial Circuit. The Uniform Trial Order may be amended from time to time without further amendment of this Administrative Order.

(2)     To delineate these first party property loss claims from other circuit civil claims, the Clerk of Court shall designate these case types using the prefix "CAPL."

(3)     Nothing in this Administrative Order shall preclude any Circuit Civil judge from utilizing the attached Uniform Trial Order, or any other uniform trial order utilized by the Circuit Civil Division.

This Administrative Order supersedes and vacates Administrative Order 2023-7-Civ.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Broward County, Florida on this 22nd day of February, 2023.

/s/ Jack Tuter_____
Jack Tuter, Chief Judge

Attachment "A"

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.: _____ DIVISION: _____ JUDGE: _____

,

                                                            **UNIFORM TRIAL ORDER**
                                            **Seventeenth Judicial Circuit**

                                            **ORDER FOR MANDATORY
CALENDAR CALL**

        Plaintiff(s) / Petitioner(s),

v.

,

        Defendant(s) / Respondent (s).

_____/

**<u>UNIFORM TRIAL ORDER FOR CIRCUIT CIVIL FIRST PARTY
PROPERTY LOSS CASES</u>
<u>(i.e.: Storm, Hurricane, Water Loss, and Plumbing Cases)</u>**

**THE UNIFORM TRIAL DATE LISTED HEREIN IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS NO CONTINUANCES OR EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH GOOD CAUSE, PURSUANT TO AOSC20-23, AMENDMENT 13 (May 6, 2021), AND FLA. R. GEN. PRAC. & JUD. ADMIN. 2.545(e).**

**FAILURE TO PARTICIPATE IN CALENDAR CALL MAY RESULT IN EITHER
THIS CASE BEING DISMISSED OR A DEFAULT BEING ENTERED.**

**TRIAL PERIOD COMMENCING:** _____. This is a (_____) week calendar.

**CALENDAR CALL:** _____.

1

_____ DAYS          _____ WEEKS          _____ JURY          _____ NON-JURY

**I.    ORDER OF TRIALS:**

The order of trials set during this Trial Period will be determined the day after Calendar Call. Parties are subject to being called to commence trial during any portion of the above noted Trial Period.

**II.    TRIAL DATE:**

The Court has determined this case is ready for trial pursuant to Florida Rule of Civil Procedure 1.440.  This case is set for trial before the undersigned Judge in Courtroom _____, Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida, 33301, as stated above. The trial date is a firm trial date pursuant to AOSC20-23, Amendment 13 (May 6, 2021).

**III.    CIVIL TRIAL POOL:**

Parties are advised that this case may be placed into the Seventeenth Judicial Circuit Court's "Civil Trial Pool" and is subject to being called for trial before any judge.  If placed in the Civil Trial Pool, **parties must be prepared to proceed to trial if called**.  Only the Division Judge or the Administrative Judge of the Seventeenth Judicial Circuit Court's Civil Division may grant a continuance of any case placed in the Civil Trial Pool.

**IV.    WITNESS LISTS:**

**A. NO LATER THAN ONE HUNDRED & TWENTY (120) DAYS PRIOR TO CALENDAR CALL:**

Fact Witnesses: Parties must file and serve a list of names and addresses of all fact witnesses who are expected to testify at trial.  Each party's fact witness list must include a brief description of the substance and scope of the testimony to be elicited from such witness.  Both sides must cooperate in the scheduling of such witness depositions.

**B. NO LATER THAN NINETY (90) DAYS PRIOR TO CALENDAR CALL:**

Expert Witnesses:

i.    At the time of disclosure of all expert witnesses, the parties shall file and serve the names and addresses of all expert witnesses to be called at trial, including their complete and updated curriculum vitae, and all information regarding expert testimony that is required by Fla. R. Civ. P. 1.28(b)(5). Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. Both parties shall cooperate in the scheduling of expert depositions.

ii.    The parties shall also provide answers to standard form expert interrogatories pursuant to Fla.R.Civ.P. 1.280(b)(5). All reports or other data compiled by each disclosed expert which is intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to the opposing party at least 72 hours prior to the date of the scheduled deposition.

**C. NO LATER THAN SIXTY (60) DAYS PRIOR TO CALENDAR CALL:**

Rebuttal Witnesses: Parties must file and serve a list of names and addresses of any rebuttal witnesses within sixty (60) days.

2

**V.**   <u>**DISCOVERY DEADLINES:**</u>
   **A.** **The depositions shall be scheduled as follows:**
      1.  Plaintiff shall be set and completed within seventy-five (75) days of filing the answer.
      2.  The Field Adjuster shall be set and completed within ninety (90) days of filing the answer.
      3. The Corporate Representative shall be set and completed within one hundred-twenty (120) days of filing the answer.
   **B.** **The depositions shall be taken in the order stated in section (A) above, unless the parties agree to a different scheduling order. However, the depositions shall be completed within the above deadlines.**
   **C.** **Requests for Entry Upon Land shall be completed within Ninety (90) days of filing an answer.**
   **D.** **NO LATER THAN SIXTY-FIVE (65) DAYS PRIOR TO CALENDAR CALL:**
      All final discovery must have been initiated at least sixty-five (65) days prior to Calendar Call.
   **E.** **NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**
      Parties must complete all discovery, including expert discovery in accordance with Florida Rule of Civil Procedure 1.280(b)(5), at least thirty (30) days prior to Calendar Call. Discovery conducted after this time period is strongly disfavored and will only be permitted by order of the Court under exceptional circumstances.
   **F.** **ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY:** ESI discovery procedures are governed by Seventeenth Judicial Circuit Administrative Order 2021-20-Gen, a copy of which is available on the Circuit's webpage (www.17th.flcourts.org).

**VI.**   <u>**MOTIONS:**</u>
   **A.** **NO LATER THAN SEVENTY-FIVE (75) DAYS PRIOR TO CALENDAR CALL:**
      1.  Motions to add a party or parties or to amend pleadings shall be filed and set for hearing no later than seventy-five (75) days before Calendar Call absent good cause shown. The deadline shall not conflict with Florida Rule of Civil Procedure 1.190(e), and the motion may be denied if there has been undue delay, bad faith, prejudice to the opposing side, dilatory motive on the part of the moving party or when the amendment would be futile
      2.  Dispositive Motions, including Motions for Summary Judgment, must be filed and heard no later than seventy-five (75) days before Calendar Call.
   **B.** **NO LATER THAN FORTY-FIVE (45) DAYS PRIOR TO CALENDAR CALL:**
      1.  <u>Deposition Objections:</u> objections raised in depositions expected to be introduced at trial must be filed and heard no later than forty-five (45) days before Calendar Call.
      2.  <u>Expert Challenges:</u> motions challenging an expert witness ("Expert Challenges"), must be filed and heard no later than forty-five (45) days before Calendar Call.
   **C.** **NO LATER THAN THIRTY (30) DAYS PRIOR TO CALENDAR CALL:**
      1.  <u>Motions in Limine:</u> must be filed no later than thirty (30) days prior to Calendar Call.
      2.  All motions, other than motions in limine, not heard before Calendar Call will be deemed abandoned.

**VII.**   **JOINT PRETRIAL STIPULATION:**

**A. NO LATER THAN TEN (10) DAYS PRIOR TO CALENDAR CALL:**

1. The Joint Pretrial Stipulation contemplates a single document that must be filed and served, **with a courtesy copy served on the undersigned judge**, no later than ten (10) days prior to Calendar Call.

2. The Joint Pretrial Stipulation requires that all agreed matters be fully identified and any disputed matters be specifically delineated with respect to each party.

3. At the time of the above noticed Calendar Call, all parties must be prepared to discuss all items set forth in Florida Rule of Civil Procedure 1.200(b).

**B.** The Joint Pretrial Stipulation must contain the following in separately numbered paragraphs:

1. Statement of the Facts: A concise, impartial statement of the facts of the case.

2. Stipulated Facts: A list of those facts that can be stipulated and require no proof at trial.

3. Statement of Disputed Law & Fact: A concise, impartial statement of those issues of law and fact that are to be tried.

4. Exhibit Lists: Each party must separately list all exhibits they intend to introduce into evidence.  Each item must be listed by number and description on a separate schedule attached to the Joint Pretrial Stipulation.  Each exhibit must be specifically described. **Generic descriptions of exhibits are subject to being stricken.**  If any party objects to the introduction of any such exhibit, such objection **must be stated in the Joint Pretrial Stipulation**, setting forth the grounds with specificity.  All exhibits must have been made available to all parties for examination.  Parties must initial each other's exhibit lists and exhibits.  **At trial, only those exhibits properly listed and initialed may be offered into evidence**.

5. Demonstrative Exhibits: all demonstrative exhibits (e.g., charts, graphs, enlargements of exhibits, etc.) intended to be used at a jury trial must be displayed to all parties at least ten (10) days before trial.

6. Witness Lists: Parties must furnish a written list containing the names and addresses of all witnesses intended to be called at trial in alphabetical order.  Such list must designate the type of witness ("expert," "rebuttal," "impeachment," or otherwise) and must be attached to the Joint Pretrial Stipulation.  All fact witness lists must include a brief description of **the substance and scope of the testimony** to be elicited from such witness.  All expert witness lists must **designate the expert's specialties**.  If any party objects to any witness, such objection must be stated in the Joint Pretrial Stipulation, setting forth the grounds with specificity.  **At trial, only those witnesses properly and timely disclosed will be permitted to testify**.

7. Jury Instructions: If the trial is a jury trial, the parties must identify all agreed upon standard instructions and all special instructions.  Copies of all agreed upon jury instructions and disputed jury instructions must be attached to the Joint Pretrial Stipulation identifying the party that proposed the instruction, along with copies of supporting statutory citations and/or case law.

8. Verdict Forms: If the trial is a jury trial, the jury verdict form must be designated as "agreed to" or "disputed" and must be attached to the Joint Pretrial Stipulation.

9. Peremptory Challenges: If the trial is a jury trial, the number of peremptory challenges for each party must be stated and attached to the Joint Pretrial Stipulation.

10. Pending Motions: Parties must set forth a list of all pending motions with copies attached to the Joint Pretrial Stipulation.

11. Trial Estimate: Each party must provide an estimate of the number of trial days required for presenting its side of the case.

12. Expert Challenges: All expert related issues involving any requests for hearings on related evidence must be noticed and heard—or agreed to by the parties—no later than forty-five (45) days prior to Calendar Call.   FAILURE TO DO SO MAY CONSTITUTE A WAIVER OF ANY EXPERT RELATED EVIDENCE ISSUE(S). It is within the discretion of the Court to remove any case with pending expert issues.

## VIII.   COURT POLICIES:

**A.** Parties must do all things reasonable and necessary to assure the availability of witnesses for the entire Trial Period or to otherwise preserve witness testimony for trial as provided by the Florida Rules of Civil Procedure.  *See* Fla. R. Civ. P. 1.300 & 1.460; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.545.

**B.** The requirements of this Uniform Trial Order cannot be waived by stipulation **absent prior approval from the Court** pursuant to written agreement between the parties.

**C.** This Uniform Trial Order may be tailored by the assigned Division Judge to conform to the particular requirements of the residential foreclosure and complex litigation divisions.

**D.** At trial, there will only be one (1) official record transcribed by one (1) court reporter. Plaintiff is responsible for arranging for a court reporter unless otherwise agreed. If a conflict exists, the parties must resolve it among themselves prior to Calendar Call.

## IX.   CONTINUANCES:

**No continuances will be granted without Court Order upon written motion setting forth good cause pursuant to AOSC20-23, Amendment 13 (May 6, 2021), and  Fla. R. Gen. Prac. & Jud. Admin. 2.545(e).  All motions seeking a continuance must comply with Fla. R. Civ. P. 1.460 and Fla. R. Gen. Prac. & Jud. Adm. 2.545. Continuances requested for reasons relating to failure to follow this Order will not be granted.**

**A.** CONTINUANCES will only be considered upon written motion filed with the Clerk of Court and served on the undersigned judge prior to the above noticed Calendar Call.

**B.** NO CONTINUANCES will be granted for reasons that should have been readily apparent to the parties when this Uniform Trial Order was issued.

**C.** NO CONTINUANCES will be granted if expert witnesses are unavailable because testimony may be preserved by deposition.

**D.** NO CONTINUANCES will be granted for reasons relating to the failure to follow this Uniform Trial Order.

## X.   MANDATORY MEDIATION & NON-BINDING ARBITRATION:

**Mediation must commence no later than sixty (60) days of issuance of this Uniform Trial Order.** The parties must comply with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, and 1.730 as to the conduct of mediation.  Mediation may be conducted through the use of communication technology. Plaintiff's counsel is appointed lead counsel to facilitate and schedule the settlement conference with the mediator and all parties.  The Court appoints:

_____

as Mediator, unless, within twenty (20) days of this Uniform Trial Order, the parties choose a different Mediator, and file notice of that choice and the name of the substitute mediator with the Clerk of Court. Failure to attend mediation may result in sanctions. **If the case does not resolve at Mediation, Non-Binding Arbitration is to be completed forty-five (45) days prior to Calendar Call.**

XI.   **SANCTIONS:**

    **A.** All parties should be familiar with Florida Rule of Civil Procedure 1.380 entitled "Failure to Make Discovery; Sanctions" and section 57.105, Florida Statutes, entitled "Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation."

    **B.** FAILURE TO APPEAR, FAILURE TO FOLLOW TIME REQUIREMENTS, OR FAILURE TO FILE DOCUMENTS REQUIRED BY THIS COURT MAY RESULT IN THE DISMISSAL OF THE ACTION OR THE IMPOSITION OF SANCTIONS INCLUDING THE STRIKING OF PLEADINGS.

XII.   **SETTLEMENT NOTIFICATION:**

Parties must immediately notify the Court in the event of settlement and submit a stipulation for an Order of Dismissal. Parties shall also cancel any and all pending hearings as a result of the settlement.

**Pursuant to Florida Rule of General Practice and Judicial Administration 2.516(h)(1), counsel must file this Uniform Trial Order with the Clerk of Court, serve any self-represented parties with this Uniform Trial Order, and file a "Certificate of Service" with the Clerk of Court, in compliance with Florida Rule of General Practice and Judicial Administration 2.516(f), certifying the self-represented party was served with this Uniform Trial Order.**

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on _____.

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less Page 2 of 2 than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

# EXHIBIT D-5

Filing # 116653867 E-Filed 11/14/2020 03:16:43 PM

IN THE CIRCUIT COURT OF THE FOURTEENNTH JUDICIAL CIRCUIT IN AND FOR BAY COUNTY, FLORIDA

CASE NO. 19004615CA

LYNN HOLDER and
JULIE HOLDER,

      Plaintiffs,

v.

HOMEOWNERS CHOICE PROPERTY &
CASUALTY INSURANCE COMPANY,

      Defendant.

_____/

**ORDER ON PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF THE DEFENDANT'S CORPORATE REPRESENTATIVE AND THE FIELD ADJUSTER AND DEFENDANT'S MOTION TO DETERMINE SEQUENCE OF DEPOSITIONS**

     **THIS CAUSE** having come before the Court for hearing on Plaintiff's Motion to Compel Depositions of Defendant's Corporate Representative and Field Adjuster and on Defendant's Motion to Determine Sequence of Depositions, the Court having reviewed the Motion and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED**:

1. The parties are to convene and conference by Friday, November 13, 2020 to schedule ALL depositions, Plaintiff, Defendant's Corporate Representative and Field Adjuster on the same day, to occur prior to January 31, 2021 with the Plaintiff's deposition being taken in the morning and the Defendant's Corporate Representative and Field Adjuster in the afternoon.

     DONE AND ORDERED in Chambers in Bay County, Florida on this 13 day of Nov., 2020.

                          JOHN L FISHEL, II
                          CIRCUIT COURT JUDGE

Copies furnished to all parties of record.

# EXHIBIT D-6

IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

HASTINGS CHIROPRACTIC REHAB, INC.
A/A/O MONA PIERRE

Plaintiff,

v.                                                    Case No: 11-CC-10641

PROGRESSIVE SELECT INSURANCE
COMPANY,

Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION
## TO DETERMINE SEQUENCE OF DEPOSITIONS

THIS CAUSE came on October 12, 2011 before the Honorable John E. Jordan on Plaintiff's Motion to Determine Sequence of Depositions. The Court, having heard arguments of counsel, reviewed the court file, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that

1.      Plaintiff's Motion to Determine Sequence of Depositions is **GRANTED IN PART** and **DENIED IN PART**.

2.      Plaintiff filed its Motion to Determine Sequence of Depositions asking the court to issue an Order that Plaintiff was entitled to take the deposition of Defendant's corporate representative prior to any other deposition being taken. This request is denied. Defendant shall be permitted to conduct its deposition of Plaintiff's billing records custodian and its deposition of Plaintiff's corporate representative first in order to ensure that all of the issues relevant to the litigation as framed by the pleadings are developed prior to Plaintiff taking the deposition of Defendant's corporate representative so that Defendant's corporate representative can be prepared for the deposition and testify as to all relevant issues.

3. Depositions shall proceed in the following order:

    a. Defendant shall be permitted to conduct its deposition of Plaintiff's billing records custodian and its deposition of Plaintiff's corporate representative first.

    b. Two days after the depositions taken by Defendant, Plaintiff shall be permitted to conduct its deposition of Defendant's corporate representative.

4. The three depositions shall take place during the same week.

**DONE AND ORDERED** in Chambers in Orlando, Orange County, Florida this ____ day of _____, 2011.

_____
Hon. John E. Jordan

Conformed copies to:
Robert M. Lyerly, Esq.
Randall Bishop, Esq.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U. S. mail on this ____ day of _____, 2011 to: **Robert M. Lyerly, Esq.**, Lyerly, Peterson, & Denbo, LLC, Post Office Box 4449, Orlando, FL 32802-4449 and to **Randall Bishop Esq.**, Anthony-Smith Law, P.A., 1701 Park Center Drive, Suite 203, Orlando, FL 32835.

_____
Judicial Assistant

2